Indira J. Cameron-Banks (CBN 248634)
**CAMERON BANKS LAW**, A PROF. CORP.
407 N. Maple Dr., Grnd. Fl.
Beverly Hills. CA 90210
424.757.0585 | indira@cameronbanks.law

Attorney for Plaintiff,
CLIFFORD J. HARRIS, JR.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD J. HARRIS, Jr., an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>SABRINA D. PETERSON, an individual,<br><br>    Defendant. | Case No. 24-CV-10781-FMO-RAO<br><br>**PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION AND REQUEST FOR EXTENSION OF TIME TO EFFECTUATE SERVICE OF SUMMONS AND COMPLAINT FOR GOOD CAUSE**<br><br>[DECLARATION OF PAMELA STIRLING; DECLARATION OF INDIRA CAMERON-BANKS]<br><br>Hon. Fernando M. Olguin |

## I. INTRODUCTION

Plaintiff Clifford Harris ("Plaintiff" or "Harris"), through undersigned counsel, hereby responds to the Court's March 6, 2025 Order to Show Cause regarding service of the Summons and Complaint on Defendant Sabrina Peterson ("Defendant" or "Peterson") as follows:

> (1) setting forth the circumstances surrounding the current status of service of the Summons and Complaint on Defendant, and
>
> (2) requesting a brief eighteen (18) day extension of time within which to complete substituted service of the Summons and Complaint on Defendant in accordance with California law.

As set forth herein, good cause exists for the requested brief extension of time to serve Defendant, which would not prejudice any party, or cause any unreasonable delay in this case.

## II. RELEVANT BACKGROUND

**A.  Complaint Filed:** On December 13, 2024, Plaintiff initiated this civil action by filing a Complaint against Defendant in federal court pursuant to 28 U.S.C. § 1332. (Dkt. 1)

**B.  Summons Issued:**  On December 19, 2024, Plaintiff requested a Summons to be issued.   On January 21, 2025, forty (40) days *after* this case was initiated, the Court issued a Summons in this action necessary to effectuate formal service of process on Defendant. (Dkt. 7, 12) This delay was the result of the Court issuing a Notice of Deficiency in the Summons Request on January 13, 2025, and Plaintiff refiling a corrected Summons Request on January 16, 2025. (Dkt. 9, 11)

**C.  Diligent Attempts at Personal Service:**  Between January 23, 2025 and March 12, 2025, Plaintiff diligently sought to effectuate personal service of the Summons and Complaint on Defendant but has been unsuccessful to date. (Declaration of Pamela Stirling [Stirling Decl.] ¶4-8 )  Defendant is likely to continue evading personal service.  (Id. at ¶ 9)

**D.   Substituted Service Initiated:** On March 12, 2025, Plaintiff initiated substituted service pursuant to California Code Civil Procedure § 415.20, by personally delivering a copy of the Summons and Complaint to an employee at the UPS Store located at 1360 S. Figueroa St., Los Angeles, CA 90015, where it has been confirmed that Peterson receives mail and packages. (Id. at ¶ 10)  On March 13, 2025, Plaintiff, through counsel, mailed a copy of the Summons and Complaint addressed to Peterson at that same UPS Store. (Declaration of Indira Cameron-Banks [Cameron-Banks Decl.] ¶ 2)

## III.   RELEVANT AUTHORITY

A civil action commences upon the filing of the Complaint. *See* Fed. R. Civ. P. 3.  Here the Complaint was filed on December 13, 2024.  (Dkt. 1)  The Complaint served on a Defendant <u>must</u> be accompanied by a copy of the Summons.  *See* Fed. R. Civ. P. 4(c)(1).

If the Defendant is not served with the Summons and Complaint within the ninety (90) days after the Complaint was filed, the Court may either dismiss the action without prejudice <u>or</u> order that service be made within a specified timeframe after those ninety days.  *See* Fed. R. Civ. P. 4(m).  If the Plaintiff is unable to serve the Summons and Complaint within that timeframe, and shows "good cause" for the failure, the court <u>must</u> extend the time for service for an appropriate period.  *Id.*

Rule 4(e) of the Federal Rules sets forth that that an individual may be served with the Summons and Complaint by various methods including the following:

> []following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made or
>
> []delivering a copy of the summons and of the complaint to the individual personally . . . or
>
> []delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

2

*See* Fed. R. Civ. R. 4(e)(1)-(2)(A) and (C).

California provides as follows with respect to service of the Summons and Complaint on a Defendant:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's . . . usual mailing address other than a United States Postal Service post office box, in the presence of . . . a person apparently in charge of … her . . . usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

*See* Cal. Code Civ. P. § 415.20.  Further, California requires every Commercial Mail Receiving Agency ("CMRA"), like The UPS Store, "to accept service of process for and on behalf of any of their mail receiving service customers." *See* Cal. Bus. & Prof. Code § 17538.5.

## IV. GOOD CAUSE EXISTS TO EXTEND THE TIMEFRAME FOR SERVICE OF SUMMONS AND COMPLAINT

Plaintiff filed the Complaint in this action on December 13, 2024.  According to Rule 4(m), the Complaint <u>and</u> Summons in this action should have been served on Defendant on or before March 13, 2025.  *See* Fed. R. Civ. P. 4(m).  However, a Complaint served without a Summons would <u>not</u> constitute effective service of process.  *See* Fed. R. Civ. P. 4(c)(1).  Since there was no Summons issued until January 21, 2025, almost forty days after the Complaint was filed, Plaintiff had a significantly narrowed window of time to effectuate service on Defendant -- only

3

fifty days. (Dkt. 7, 12)

During that time, between January 23, 2025 and March 12, 2025, Plaintiff diligently pursued personal service of the Summons and Complaint on Defendant, expending over thirty hours interviewing individuals, conducting surveillance and attempting service at Defendant's residence multiple times on different dates and times. (Stirling Decl. ¶ 4-8) Defendant's prior residential address in Downtown Los Angeles was located but it was confirmed that she did not live there. (Id. at ¶ 5) Defendant's current residence in the Koreatown neighborhood of Los Angeles was confirmed with certainty, and multiple attempts were made at service but unsuccessful as Defendant lives in a gated multifamily dwelling and monitors the entrance to her unit through the use of a smart (or "Ring") camera. (Id. at ¶ 5, 7-8) Defendant is expected to continue evading personal service (Id. at ¶ 9) On different dates, multiple employees in the UPS Store at 1360 S. Figueroa St., Los Angeles, CA 90015, confirmed Defendant is a longtime customer who receives mail and packages at the address. (Id. at ¶ 6)

Plaintiff has been beyond reasonably diligent in trying to serve Defendant personally with a copy of the Summons and Complaint in this action but has been unsuccessful to date. (Stirling Decl. ¶ 4-9) As such, Plaintiff initiated substituted service pursuant to Cal. Code Civ. P. § 415.20, on March 12, 2025, by having a copy of the Summons and Complaint hand-delivered to the employee in charge of managing the UPS Store where Peterson receives her mail and packages, along with a verbal description of the nature of the documents, and their need to be served on Peterson. (Id. at ¶ 10) On March 13, 2025, undersigned counsel then mailed a copy of the Summons and Complaint to Peterson at the UPS store via first-class mail, postage pre-paid. (Cameron-Banks Decl. ¶2) As set forth in Cal. Code Civ. P. § 415.20, the Summons and Complaint will be deemed to have been served on or after March 23, 2025, ten days after mailing.

Because the timeframe within which to attempt personal service of the

Summons and Complaint on Defendant was effectively shortened by forty days, and Plaintiff diligently pursued personal service within that timeframe without success, Plaintiff initiated the process for substituted service pursuant to California law. This process was initiated within ninety (90) days of the Complaint being filed and will be completed on or after March 23, 2025.

A brief extension of the timeframe to serve Defendant with the Summons and Complaint is reasonable in light of the factual circumstances surrounding service attempts to date, would not prejudice any party in this action, and is not sought to interpose any unreasonable delay in the prosecution of this case. Thus, good cause exists for extending the timeframe within which Defendant can be served for a brief period of time – up to and including March 31, 2025.

Accordingly, for the reasons set forth herein, Plaintiff requests an eighteen (18) day extension of time within which to complete the substituted service of the Summons and Complaint on Defendant.

DATE: MARCH 13, 2025                CAMERON BANKS LAW. A PROF. CORP.

_____
Indira J. Cameron-Banks

Attorneys for Plaintiff
CLIFFORD J. HARRIS, JR.