Indira J. Cameron-Banks (CBN 248634)
**CAMERON BANKS LAW**, A PROF. CORP.
407 N. Maple Dr., Grnd. Fl.
Beverly Hills. CA 90210
424.757.0585 | indira@cameronbanks.law

Attorney for Plaintiff,
CLIFFORD J. HARRIS, JR.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CLIFFORD J. HARRIS, Jr., an individual,

Plaintiff,

v.

SABRINA D. PETERSON, an individual,

Defendant.

SABRINA D. PETERSON, an individual

Counter Claimant,

vs.

CLIFFORD J. HARRIS, Jr., an individual,

Counter Defendant.

Case No. 24-CV-10781-FMO-RAO

**PLAINTIFF CLIFFORD J. HARRIS'S MOTION TO DISMISS DEFENDANT SABRINA D. PETERSON'S COUNTER-COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**[Declaration of Indira J. Cameron-Banks; Request for Judicial Notice; Proposed Order]**

DATE: July 10, 2026
TIME: 10:00 A.M.
CRTM: First St. Courthouse, 6D

Hon. Fernando M. Olguin

**TO THIS HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**—

PLEASE TAKE NOTICE that on July 10, 2025, or as soon thereafter as the matter may be heard, Plaintiff and Counter-Defendant Clifford J. Harris ("Harris"), will, and hereby does, move this Court an Order dismissing the Counter-Complaint, and all counterclaims set forth therein pursuant to Fed. R. Civ. P. 12(b)(6) for failure to set forth factual allegations that plausibly establish any cognizable claim for relief against Harris, and/or asserting counterclaims that are time-barred by the applicable statute of limitations, the California litigation privilege, the California Anti-SLAPP statute, and/or the *res judicata* doctrine.

This motion will be made before the Honorable Fernando M. Olguin, United States District Judge, in Courtroom 6D at the 1st Street Courthouse located at 350 West 1st Street, Los Angeles, California 90012.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, all pleadings, records, and other documents on file with the Court in this action, and upon such oral and/or documentary evidence as may be presented at, before, and after the hearing of this motion. This motion is made after undersigned counsel was able to meet and confer with Defendant and Counter-Claimant about its contents pursuant to Local Rule 7-3, along with the rules specific to this Court, beginning on or around May 2, 2025.

DATED: May 29, 2025 CAMERON BANKS LAW, A PROF. CORP.

*/s/ Indira J. Cameron-Banks*
Indira J. Cameron-Banks

*Attorneys For* PLAINTIFF
Clifford J. Harris

## Table of Contents

**I. INTRODUCTION .......... 1**

**II. RELEVANT BACKGROUND .......... 1**

**A. Harris 2024 Lawsuit Against Peterson, *Case No. 2:24-CV-10781-FMO-RAO*. .......... 1**

**B. Peterson's 2025 Counter-Complaint Against Harris, *Case No. 2:24-CV-10781-FMO-RAO*. .......... 2**

***C.* Peterson's 2021 State Court Lawsuit Against Harris, *Case No. 21STCV07836*. .......... 2**

**III. RELEVANT LEGAL FRAMEWORK** .......... 3

**IV. POINTS AND AUTHORITIES** .......... 5

**A. Peterson's Counter-Complaint Fails to Set Forth Facts Sufficient to Establish a Cognizable Claim against Harris for Defamation, Abuse of Process, or Intentional Infliction of Emotional Distress. .......... 5**

**B. Peterson's Defamation Counterclaim Should Also Be Dismissed Because It Is Time-Barred by the Applicable Statute of Limitations. .......... 7**

**C. Peterson's Abuse of Process Counterclaim Should Also be Dismissed As Barred by the Litigation Privilege and California's Anti-SLAPP law. .... 8**

**D. Peterson's Intentional Infliction of Emotional Distress Claim Should Also be Dismissed as Time-Barred by the Statute of Limitations and Barred by the Litigation Privilege, California's Anti-SLAPP law, and/or the *Res Judicata* Doctrine. .......... 11**

**V. CONCLUSION** .......... 13

# Table of Authorities

## Cases

*Aronson v. Kinsella*, 58 Cal. App. 4th 254 (1997) .......... 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 4

*Citizens Planning Ass'n v. City of Santa Barbara*, 191 Cal. App. 4th 1541 (2011) .......... 12

*Coleman v. Gulf Insurance Group* 41 Cal.3d 782 (1986) .......... 6

*Conservation Force v. Salazar*, 646 F.3d 1240–42 (9th Cir. 2011) .......... 4

*Consumer Advocacy Group, Inc. v. ExxonMobil Corp.*, 168 Cal. App. 4th 675 (2008) .......... 12

*Grenier v. Taylor* 234 Cal.App.4th 471 (2015) .......... 6

*Hughes v. Pair* 46 Cal.4th 1035 (2009) .......... 7

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) .......... 4

*Issa v. Applegate*, 31 Cal.App.5th 689 (2019) .......... 6

*Jackson v. Carey*, 353 F.3d .......... 13

*Jackson v. Carey*, 353 F.3d 750 (9th Cir. 2003) .......... 5

*Jackson v. Mayweather* 10 Cal.App.5th 1240 (2017) .......... 6

*Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621 (9th Cir. 1988) .......... 5, 13

*Lien Huynh v. Chase Manhattan Bank*, 465 F.3d 992 (9th Cir. 2006) .......... 8

*Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022 (9th Cir. 2005) .......... 12

*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) .......... 4, 5

*Nevellier v. Sletten*, (2002) 29 Cal. 4th 82 .......... 10

*Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011) .......... 4

*Romano v. Rockwell Internatl., Inc.*, 14 Cal. 4th 479 (1996) .......... 8

*Rubin v. Green*, 4 Cal. 4th 1187 (1993) .......... 9

*S.A. v. Maiden* 229 Cal.App.4th 27 (2014) .......... 6

*Scott v. Kuhlmann*, 746 F.2d 1377 (9th Cir. 1984) .......... 12

*Shively v. Bozanich*, 31 Cal. 4th 1230 (2003) .......... 7

*Silberg v. Anderson*, 50 Cal. 3d 205 (1990) .......... 9

*Somers v. Apple, Inc.*, 729 F.3d 953 (9th Cir. 2013) .......... 5

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) .......... 4, 5

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954 (9th Cir. 2010) .......... 8

**Statutes**

Cal Civ. Code § 47 .......... 9, 11, 12

Cal Code Civ Proc § 340 .......... 7

Cal Code Civ Proc § 425.16 .......... 1, 9, 10, 11, 12

Cal. Code Civ. P. § 335.1 .......... 11, 12

**Other**

Fed. R. Civ. P. 12 .......... 1, 4, 5, 7, 8, 11, 12, 13

Rule 8-3 .......... 2

## I. INTRODUCTION

With her Counter-Complaint, (Dkt. 20), Defendant Sabrina D. Peterson ("Peterson") improperly seeks to revive time-barred claims against Plaintiff Clifford J. Harris ("Harris") that were previously dismissed by the Los Angeles Superior Court, and to suppress Harris's protected speech in violation of California's statute precluding "strategic litigation against public participation" ("SLAPP"), or the Anti-SLAPP Statute, Cal. Code Civ. P. § 425.16. Moreover, Peterson attempts to accomplish this with disconnected, conclusory and implausible allegations that fail to give rise to any cognizable claim for relief whatsoever against Harris.

Accordingly, Harris moves to dismiss the Counter-Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which any relief can be granted. Because there is no possible remedy for these deficiencies though amendment or otherwise, Harris seeks dismissal of Peterson's Counter-Complaint, in its entirety, *with* prejudice.

## II. RELEVANT BACKGROUND

### A. Harris 2024 Lawsuit Against Peterson, *Case No. 2:24-CV-10781-FMO-RAO*.

Harris initiated this lawsuit against Peterson based on false, defamatory statements Peterson published on a social media account about Harris on or about September 17, 2024, that he was under federal investigation for the sexual trafficking of women in connection with a celebrity entertainer currently being prosecuted for such conduct. (Dkt. 1, Compl. ¶ 17).

Peterson answered the Complaint, and subsequently filed an Amended Counter-Complaint against Harris, asserting the following three causes of action: defamation, abuse of process, and intentional infliction of emotional distress.[1] (Dkt. 20)

---

[1] The parties stipulated pursuant to Local Rule 8-3, to an extension of time within which Harris would respond to the Cross-Complaint.

**B. Peterson's 2025 Counter-Complaint Against Harris, *Case No. 2:24-CV-10781-FMO-RAO*.**

Peterson's counterclaims against Harris for defamation, abuse of process, and intentional infliction of emotional distress, are based on the following vague conclusory statements framed as "Factual Background":

- The instant lawsuit asserts unspecified "false and defamatory allegations" against her including unspecified "fabricated claims of criminal conduct and character attacks";
- That after a 2021 public statement by Peterson that Harris "had previously placed a gun to her head in front of children" Harris and/or other non-parties "engaged in public attacks" accusing Peterson of "harassment and immoral conduct" that were "defamatory and calculated to humiliate, discredit, and silence" Peterson; and
- Harris "mocked public calls for apology" and his unspecified "legal actions" were pursued as a form of "intimidation and emotional retaliation."

(Dkt. 20, Counter-Compl. ¶¶ 6-9). These allegations seemingly relate to (a) Harris filing the instant lawsuit, and (b) Harris's statements made on January 29, 2021, that were the subject of Peterson's 2021 lawsuit against Harris (and others) in Los Angeles Superior Court, *Peterson v. Harris, et al.,* Case No. 21STCV07836.[2] (Cameron-Banks Decl. ¶ 2, Ex. A attached thereto.)

**C. Peterson's 2021 State Court Lawsuit Against Harris, *Case No. 21STCV07836*.**

In March 2021, Peterson initiated a lawsuit in the Los Angeles Superior Court asserting seven causes of action against Harris (and others who are not party to this lawsuit): (1) Defamation -Libel *Per Se*, (2) Defamation -Trade Libel, (3) Invasion of Privacy-False Light, (4) Intentional Interference with Prospective Economic Advantage, (5) Negligent Interference with Prospective

[2] With this motion, Defendant simultaneously files a Request for Judicial Notice of the docket in this state court case, as well as certain pleadings in it.

Economic Advantage, (6) Intentional Infliction of Emotional Distress, and (7) Negligent Infliction of Emotional Distress. With respect to Harris specifically, these claims were based on a January 29, 2021 public statement by Harris denying Peterson's January 26, 2021 social media publication accusing Harris of putting a gun to Peterson's head. (Cameron-Banks Decl. ¶ 2, Ex. B at pages 4-5, attached thereto.)

On June 2, 2023, the California Court of Appeals, Second District, dismissed five of the seven causes of action, ***including*** the intentional infliction of emotional distress claim against Harris based on the January 29, 2021 statement, on the grounds that the claim violated California's Anti-SLAPP statute.[3] (Cameron-Banks Decl. ¶ 2, Ex. C at pages 24-25, attached thereto.)

On March 24, 2025, the Superior Court dismissed the remaining remanded two causes of action (including defamation based on the January 29, 2021 statement) for lack of prosecution because in the over 4 years the case had been pending, Peterson – who at all times was represented – failed to pursue her claims. (Cameron-Banks Decl. ¶ 2, Ex. F, attached thereto)

## III. RELEVANT LEGAL FRAMEWORK

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief can be granted. "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (*quoting Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). A complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such

[3] In October 2023, Peterson was ordered to pay Harris $ $96,702.70 in attorneys' fees and costs, as the prevailing party under California's Anti-SLAPP law, and in December 2024, an Order to Show Cause was issued for the failure to make any such payment. (Cameron-Banks Decl. ¶ 2, Ex. D and Ex. E, attached thereto)

that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc*., 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]o survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc*., 729 F.3d 953, 959 (9th Cir. 2013).

Dismissal, pursuant to Fed. R. Civ. P. 12(b)(6) or otherwise, without leave to amend, is proper when "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks omitted), or when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. POINTS AND AUTHORITIES

### A. Peterson's Counter-Complaint Fails to Set Forth Facts Sufficient to Establish a Cognizable Claim against Harris for Defamation, Abuse of Process, or Intentional Infliction of Emotional Distress.

Peterson's Counter-Complaint does not contain any "non-conclusory *factual* content" from which any reasonable inference can be drawn as to any one of the counterclaims asserted. *See Moss,* 572 F.3d at 969. Moreover, Peterson's Counter-Complaint fails to "contain sufficient allegations of underlying facts to give fair notice and to enable" Harris "to defend himself effectively," and as such unfairly requires Harris "to be subjected to the expense of discovery and continued litigation" without knowing the factual basis for any of Peterson's claims. *See Starr,* 652 F.3d at 1216. Indeed, Peterson's Counter-Complaint is devoid of any "facts" whatsoever. Instead, the Counter-Complaint merely relies on **purposefully vague accusations of unspecified conduct** such as "false and defamatory allegations," "fabricated claims of criminal conduct and character attacks," "public attacks," "mocking public calls for an apology," and "intimidation and emotional retaliation." (Dkt. 20 at ¶ 6-9). As such all three counterclaims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

To state a counterclaim for defamation, Peterson would have to identify and sufficiently allege facts about (1) the publication that is (2) false, (3) defamatory, (4) unprivileged, that (5) has a natural tendency to injure or causes special damage. *See Jackson v. Mayweather* 10 Cal.App.5th 1240, 1259 (2017); *Grenier v. Taylor* 234 Cal.App.4th 471, 486 (2015). A publication is considered "defamatory" generally when it injures a person's "office, profession, trade or business." *See generally Issa v. Applegate,* 31 Cal.App.5th 689, 702 (2019). Peterson fails to identify any such publication, but asserts that her defamation claim is based on Harris, along with unidentified "associated parties" making "public statements that were false, defamatory" and caused her "reputational harm, professional injury, and

emotional distress." (Dkt. 20, ¶ 10-11) Peterson is merely restating the elements of the claim for defamation.

She does the same for her counter-claim for abuse of process, which requires Peterson to identify and sufficiently allege facts showing that a Harris "use[d] the court's process for a purpose other than that for which the process was designed" and is "misus[ing] the power of the court" in order to "perpetrat[e] an injustice." *S.A. v. Maiden* 229 Cal.App.4th 27, 41 (2014). Peterson has to plead sufficient facts that Harris "(1) entertained an ulterior motive in using the process and (2) committed a willful act in a wrongful manner." *Coleman v. Gulf Insurance Group* 41 Cal.3d 782, 792 (1986). However, Peterson fails to identify any facts showing that in filing this lawsuit Harris is using the court's process for any purpose other than which it was designed, with some ulterior motive, or committing a willful act in a wrongful manner. Instead, Peterson restates the elements of an abuse of process claim stating that Harris is using the legal system in some unspecified manner to further an unspecified "personal vendetta" with "an improper motive." (Dkt. 20, ¶ 12)

Peterson's intentional infliction of emotional distress counterclaim is also wholly unsupported by any factual allegations, and she simply asserts that Harris (and unspecified associates) engaged in some unidentified conduct that was "extreme, outrageous, and intentionally inflicted emotional distress." (Dkt. 20, ¶ 14) Again, this is merely a conclusory restatement of the required elements of such a claim, which requires a factual showing of "extreme and outrageous conduct" of the accused party taken "with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair* 46 Cal.4th 1035,1050-1051 (2009)

Because Peterson has failed to allege any facts whatsoever to support any of the three counterclaims to plausibly suggest any entitlement to relief, all three counterclaims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

A. **B. Peterson's Defamation Counterclaim Should Also Be Dismissed Because It Is Time-Barred by the Applicable Statute of Limitations.**

The statute of limitations for filing a defamation claim in California is one year from the publication of the defamatory statement. *See* Cal Code Civ Proc § 340(c); *Shively v. Bozanich*, 31 Cal. 4th 1230, 1246 (2003). As such, Peterson would have to sufficiently allege facts demonstrating that her defamation claim is based on a publication that occurred in the last year, on or after April 22, 2024. However, in addition to failing to sufficiently plead a (counter)claim for defamation, Peterson has failed to identify any such actionable defamatory conduct occurring within the last year. Moreover, considering that paragraph 7 of the Counter-Complaint alludes to Peterson's 2021 social media accusation regarding Harris threatening her with a gun -- the exact same basis for her 2021 lawsuit against Harris -- the only reasonable assumption is that the defamatory publication at issue in the instant counterclaim is the exact same January 29, 2021 statement at issue in that 2021 case. As such Peterson's defamation claim is over three years past the statute of limitations (January 29, 2022), and thus is absolutely time-barred.

In discussing the policy behind statutes of limitations, the California Supreme Court has noted that such statutes are intended to "protect defendants from the necessity of defending stale claims and require plaintiffs to pursue their claims diligently." *Romano v. Rockwell Internatl., Inc.*, 14 Cal. 4th 479, 488 (1996)(explaining that statute of limitations are "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.") Indeed "even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Id.*

When it is clear from the face of a complaint that the statute of limitations has run on the claims asserted therein, dismissal pursuant to Fed. R. Civ. P. 12(b)(6)

is appropriate. *See Lien Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

**C. Peterson's Abuse of Process Counterclaim Should Also be Dismissed As Barred by the Litigation Privilege and California's Anti-SLAPP law.**

The factual basis for Peterson's abuse of process counterclaim remains unclear based on the Counter-Complaint's allegations, but in paragraph 6 Peterson alludes to the basis being the filing of this instant lawsuit (or Complaint) on December 13, 2024, and the assertion of unspecified "false and defamatory" allegations, including about Peterson's "criminal conduct and character attacks." (Dkt. 20, ¶ 6) Indeed the Complaint in this case does describe Peterson's very lengthy history of criminal, violent and intentionally deceptive conduct. (Dkt, 1, ¶¶ 13-19) This described conduct, while unflattering of Peterson, is all verified in public records, not false, and directly relevant to Harris's claims against Peterson. (Cameron-Banks Decl. ¶ 3) As a result, these allegations in Harris's Complaint do not, and cannot, give rise to an abuse of process claim.

In any event, these allegations in Harris's Complaint constitute statements that are absolutely protected by the litigation privilege, meaning that Harris is immune from Peterson's counterclaim for abuse of process based on them. In California, the litigation privilege, codified at Cal. Civ. Code § 47(b), provides that communicative conduct related to judicial proceedings is "***absolutely*** immune from tort liability." (emphasis added) *Rubin v. Green*, 4 Cal. 4th 1187, 1193-94 (1993) (litigation privilege broadly construed to assure litigants "'the utmost freedom of access to the courts to secure and defend their rights....'"). Moreover, the litigation privilege applies "irrespective of [the] maliciousness" of the communicative act and has even "immunize[d] defendants from tort liability based on theories of abuse of process . . . [and] intentional infliction of emotional distress." *Silberg v. Anderson*, 50 Cal. 3d 205, 215-16 (1990); *see also Aronson v. Kinsella*, 58 Cal. App. 4th 254, 270 (1997)

("[T]he privilege is absolute and thus evidence of malice is irrelevant; the absolute privilege protects even statements which are false, fraudulent or motivated by malice.")

Further, the California Legislature expressly enacted the Anti-SLAPP statute, Cal. Code Civ. P. § 425.16 "to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process." Cal Code Civ Proc § 425.16(a) As such, the Legislature expressly directed this Anti-SLAPP statute to be "construed broadly" and provides for a special motion to strike any cause of action against person who engages in conduct to "further …[a] right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue" absent a Court determination, at the outset of the case, that the party asserting the cause of action has established a probability of prevailing on it. Cal Code Civ Proc § 425.16(b)(1).[4] The statute expressly identifies the kind constitutional free speech that is protected, including "(1) any written or oral statement or writing made before a . . . judicial proceeding, or any other official proceeding authorized by law, [or] (2) any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body, or any other official proceeding authorized by law . . . ." Cal Code Civ Proc § 425.16 (e). Thus, California's Anti-SLAPP statute expressly identifies the statements made in the Complaint initiating this action as constitutionally protected speech.

Section 425.16(b)(1) sets forth a two-prong process for determining whether a cause of action should be stricken, or dismissed. The first prong requires the Court to decide "whether [there is] a threshold showing that the

---

[4] If the special motion to strike under Section 425.16, colloquially referred to as an "Anti-SLAPP" motion, is granted then the defendant, shall be awarded attorney's fees pursuant to pursuant to Section 128.5. Cal. Code Civ. P. § 425.16(c)(1).

challenged cause of action is one arising from protected activity" meaning that it meets a category under Cal Code Civ Proc § 425.16 (e). *See Nevellier v. Sletten*, (2002) 29 Cal. 4th 82, 88. If the conduct at issue constitutes such "protected activity" then the Court moves to the second prong in order to determine "whether the plaintiff has demonstrated a probability of prevailing on the claim." *See Id*; CCP 425.16(b)(1). As set forth above, Peterson cannot, under any circumstance, demonstrate the probability of prevailing on a claim for abuse of process based on the allegations set forth in the Complaint because Harris is absolutely immune from liability for such claims based on the litigation privilege.

In sum, Peterson's abuse of process claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim because Harris is absolutely immune from such a claim based on the litigation privilege, and the claim should ***also*** be stricken pursuant to the California Anti-SLAPP statute because it targets protected conduct (Cal. Code Civ. P. § 425.16(e)), and Peterson has no probability of prevailing on the claim because of the litigation privilege.

**D. Peterson's Intentional Infliction of Emotional Distress Claim Should Also be Dismissed as Time-Barred by the Statute of Limitations and Barred by the Litigation Privilege, California's Anti-SLAPP law, and/or the *Res Judicata* Doctrine.**

Like Peterson's defamation counterclaim, her intentional infliction of emotional distress counterclaim is not only unsubstantiated by any factual allegations, but also seemingly barred by California's statute of limitations for such claims, which is two-years. *See* Cal. Code Civ. P. § 335.1. Peterson simply fails to set forth any allegations whatsoever with factual content identifying some sort of extreme or outrageous conduct by Harris causing her harm in the last two years – on or after April 22, 2023.

Indeed, the only conduct alleged to have occurred in the last two years is the filing of the Complaint initiating this lawsuit, and such claim would be subject to California's codified litigation privilege and Anti-SLAPP statute, as set forth above.

*See Cal Civ. Code* § 47(b); *see also* Cal. Code Civ. P. § 425.16.

However, to the extent that Peterson's intentional infliction of emotional distress counterclaim is based on the January 29, 2021 statement by Harris refuting Peterson's January 26, 2021 accusations on social media that he threatened her with a gun, Peterson's counterclaim not only (a) misses the statute of limitations by two years, but also (b) is barred by the *res judicata* doctrine because this ***exact*** claim was dismissed by the California Court of Appeals in 2023. (Cameron-Banks Decl. ¶ 2, Ex. C at pages 24-25, attached thereto [striking Peterson's intentional infliction of emotional distress claim under California's Anti-SLAPP statute because the statement constituted protected conduct, and Peterson could not demonstrate the probability of prevailing on such claim.].)

The *res judicata* doctrine prevents parties from relitigating (counter)claims that have already been litigated between the parties in prior litigation. The Court properly considers *res judicata* in a motion to dismiss under Rule 12(b)(6), *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984), based on applicable state law, *Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005). The doctrine of *res judicata* provides that a valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action. *Citizens Planning Ass'n v. City of Santa Barbara*, 191 Cal. App. 4th 1541, 1549 (2011). Under California law *res judicata* to bars a plaintiff from asserting a particular claim, when (1) the cause of actions in the earlier and later suits are identical; (2) the judgment in the earlier suit was final and on the merits; and (3) both actions involve the same parties. *Consumer Advocacy Group, Inc. v. ExxonMobil Corp.*, 168 Cal. App. 4th 675, 685-86 (2008).

Peterson's counterclaim for intentional infliction of emotional distress, at best, seemingly stems from the January 29, 2021 statement by Harris rebuking Peterson's social media accusations from that same month. (Dkt. 20, ¶ 7-8) This exact claim -- previously asserted by Peterson against Harris -- was dismissed by the California

Appeals Court under California's Anti-SLAPP statute. (Cameron-Banks Decl. ¶ 2, Ex. C at pages 24-25, attached thereto.)

In sum, Peterson's insufficiently pled counterclaim for intentional infliction of emotional distress is barred not only by the statute of limitations (Cal. Code Civ. P. § 335.1) but also by the litigation privilege (Cal. Civ. Code § 47(b)) and the California Anti-SLAPP statute (Cal Code Civ. P. § 425.16), as well as by the *res judicata* doctrine. Thus, the counterclaim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to sufficiently allege facts to set forth a cognizable counterclaim for relief.

## II. V. CONCLUSION

For the reasons set forth herein, all three counterclaims -- defamation, abuse of process, and intentional infliction of emotional distress -- and the entire Counter-Complaint (Dkt. 20) should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state any claim for relief. Additionally, such dismissal should be with prejudice because it is absolutely clear that the Counter-Complaint's deficiencies could not be cured by any amendment. *See Karim-Panahi,* 839 F.2d at 623; *Jackson v. Carey*, 353 F.3d at 758.

DATE: MAY 29, 2025

CAMERON BANKS LAW. A PROF. CORP.

Indira J. Cameron-Banks

Attorneys for Plaintiff
CLIFFORD J. HARRIS, JR.