Keita T. Middleton (CA SBN 283813)
19744 Beach Blvd., #156
Huntington Beach, CA 92648
Email: kmiddleton@ktmlaw.us
(714) 797 -7671

Attorney for Defendant/Cross-Claimant,
Sabrina D. Peterson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD J. HARRIS, Jr., an individual, <br><br> Plaintiff/Counter Defendant, <br><br> vs. <br><br><br> Defendant/Counter Claimant. <br><br> SABRINA D. PETERSON, an individual <br><br> Counter Claimant, <br><br> vs. <br><br> CLIFFORD J. HARRIS, Jr., an individual, <br><br> Counter Defendant. | Case No:   2:24-cv-10781 <br><br> **COUNTER-CLAIMANT SABRINA D. PETERSON'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTER CLAIM [CONCURRENTLY FILED WITH DECLARATION OF KEITA T. MIDDLETON IN SUPPORT THEREOF: {PROPOSED} ORDER]** <br><br> Date: October 9, 2025 <br> Time: 10:00 A.M. <br> CRTM: First St. Courthouse, 6D <br> Judge: Hon. Fernando M. Olguin |

PLEASE TAKE NOTICE that on October 9, 2025 at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 6D of the above-entitled Court located at 350 West 1st Street, Los Angeles, CA 90012, Defendant/Counterclaimant, Sabrina D. Peterson ("Counter Claimant"), by and through her attorney of record, will move this Court for an Order granting them leave to file their second amended counter claim against , Plaintiff/Counter Defendant Clifford J. Harris, Jr. ("Counter Defendant").

This motion will be made pursuant to Fed. R. Civ. P. 15 and 16 on the grounds that leave

**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

to amend should be liberally granted and that it is within the timeline of the scheduling order deadline to amend any pleadings.

      This motion shall be based upon this Notice, the attached Memorandum of Points and Authorities, the declaration of Keita T. Middleton, the complete files and records of this action, and such other and further oral and documentary evidence as may be presented at the hearing on this Motion.

Dated:    August 25, 2025                      /s/ *Keita T. Middleton*
                                                                 KEITA T. MIDDLETON
                                                                 Attorney for Defendant/CounterClaimant
                                                                 Sabrina D. Peterson

**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

**Table of Contents**

MEMORANDUM OF POINTS AND AUTHORITIES

    I.    INTRODUCTION……………………………………………………………… 1

    II.    STATEMENT OF FACTS/PROCEDURAL HISTORY……….…………………. 1

    III.    ARGUMENT ………………………………………………………………… 1

        A.  This Motion is Made in Compliance with the Court's Scheduling and Case Management Order; Therefore, the Court Should Allow the Cross Claimant Leave to File a Second Amended Complaint ……………………….………………. 1 -2

    IV.    CONCLUSION ……………………………………………………….......  2

**Table of Authorities**

**CASES**

*Johnson v. Mammoth Recreations*,
975 F.2d, 607 (9th Cir. 1992) ……………………………………………………………. 1

*Ascon properties, Inc. v. Mobil Oil Co.*,
866 F.2d 1149, 1160 (9th Cir. 1989)…………………….…………………………….. 1

*DCD Programs, Ltd. V. Leighton*,
833 F.2d 183, 186 (9th Cir. 1987) ……………………..………………………………… 2

*Fomon v. Davis*,
371 U.S. 178, 183 (1962) ……………………..…………………………………………… 2

*Shipner v. Eastern Air lines, Inc.*
868 F.2d 401, 406-07 (11the Cir. 1989) …………………………………………………… 2

**STATUTES**

*Federal Rules of Civil Procedure* 15 (a)(2) ……………………………………...…… 1

ii
**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

## I. INTRODUCTION

This federal action was initially initiated by Plaintiff/Counter Defendant for several causes of action including: defamation – Defamation – Libel Per Se, Defamation – Libel Per Quod, Invasion of Privacy – False Light, Invasion of Privacy – Misappropriation of Name or Likeness. Defendant/Cross Claimant denied all causes of action and filed a counter claim in response to Plaintiff/Counter Defendant's complaint.

## II. STATEMENT OF FACTS/PROCEDURAL HISTORY

Counter Claimant filed their answer and counter claim against the Counter Defendant on April 14, 2025 and an amended answer and counter claim on April 22, 2025, with causes of action for defamation, abuse of process and intentional infliction of emotional distress.

The original counter claim and amended counter claim was filed pro se, and as such was drafted by a layperson.

Cross Claimant contends that while the Court has issued a pre-trial scheduling order stating a deadline to amend any pleadings, Cross Claimant is filing this motion timely per the Court's Scheduling and Case Management Order.

## III. LEGAL ARGUMENT

A. <u>THIS MOTION IS MADE IN COMPLIANCE WITH THE COURT'S SCHEDULING AND CASE MANAGEMENT ORDER; THEREFORE, THE COURT SHOULD ALLOW THE CROSS CLAIMANT LEAVE TO FILE A SECOND AMENDED COMPLAINT</u>

Per Rule 15 of the *Federal Rules of Civil Procedure* (a)(2) [re amendments before trial] states: "a party may amend its pleading with … the court's leave. The court should freely give leave when justice so requires. Leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *Johnson v. Mammoth Recreations*, 975 F.2d, 607 (9th Cir. 1992).

Once a pre-trial scheduling order has been issued the Court must look to the pre-trial scheduling order to determine what standards to apply to any motion to amend. *Johnson 975 F.2d*, supra at 608. The Ninth Circuit Court of Appeals has stated that Rule 15's policy favoring

amendments is applied liberally by us. *Ascon properties, Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989). Leave to amend a pleading under Rule 15(a) is to be granted freely and with extreme liberality. *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); see also *Fomon v. Davis*, 371 U.S. 178, 183 (1962): 'Federal Rule of Civil Procedure 15(a) declares that leave to amend "shall be freely given when justice so requires," and denial of the motion without any apparent justifying reason was an abuse of discretion'.

Here, the answer and counter complaint and the amended answer and counter complaint was filed when the Cross Claimant was self-represented and Counter Claimant believes justice requires that she be afforded an opportunity to cure any defects, absent the Counter-Defendant showing why justice would require denial of leave to amend. See *Shipner v. Eastern Air lines, Inc*. 868, F.2d 401, 406-07 (11the Cir. 1989) where the court stated "This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial".

**IV. CONCLUSION**

For the foregoing reasons, and in light of Counter Claimant's good faith and timely conduct, and the fact that the second amended Counter Claim will not prejudice the Counter Defendant, Counter Claimant respectfully requests that the Court grant this Motion for leave to file a Second Amended Counter Claim.

Dated:     August 25, 2025            /s/ Keita T. Middleton
                                      KEITA T. MIDDLETON
                                      Attorney for Defendant/CounterClaimant
                                      Sabrina D. Peterson

2
**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

**APPENDIX OF PROPOSED CHANGES**

Pursuant to Fed R. Civ. Pro 15, Counter Claimant proposed the following amendments to the Counter Claim:

    A. As to Paragraphs 10 – 11 of the Amended Counter Claim: Provide facts that will tie into the elements of defamation with relevant case law.

    B. As to Paragraph 12 – 13 of the Amended Counter Claim: Provide evidence to show that Plaintiff/Counter Defendant misused the legal process for ulterior purposes.

    C. As to Paragraphs 14 – 15 of the Amended Counter Claim: Provide facts that demonstrate Plaintiff/Counter Defendant's extreme and outrageous conduct, intent/reckless disregard, causation and sever distress