Indira J. Cameron-Banks (CBN 248634)
**CAMERON BANKS LAW**, A PROF. CORP.
407 N. Maple Dr., Grnd. Fl.
Beverly Hills. CA 90210
424.757.0585 | indira@cameronbanks.law

Attorney for Plaintiff,
CLIFFORD J. HARRIS, JR.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLIFFORD J. HARRIS, Jr., an individual,<br><br>Plaintiff,<br><br>v.<br><br>SABRINA D. PETERSON, an individual,<br><br>Defendant.<br><br>SABRINA D. PETERSON, an individual<br><br>Counter Claimant,<br><br>vs.<br><br>CLIFFORD J. HARRIS, Jr., an individual,<br><br>Counter Defendant. | Case No. 24-CV-10781-FMO-RAO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT/ COUNTERCLAIMANT'S MOTION FOR LEAVE TO AMEND THE COUNTER-CLAIMS**<br><br>DATE: October 9, 2025<br>TIME: 10:00 A.M.<br>CRTM: First St. Courthouse, 6D<br><br>Hon. Fernando M. Olguin |

## I. INTRODUCTION

Plaintiff and Counterclaim Defendant Clifford Harris ("Harris") hereby opposes the instant motion for leave to amend the counterclaims asserted by Defendant and Counterclaim Plaintiff Sabrina Peterson ("Peterson") on the following grounds:

(1) The request is premature as the Court has yet to rule on Harris's pending motion to dismiss all counterclaims as legally deficient;

(2) The motion for leave to amend fails to cite any actual factual allegations that could cure Peterson's legally improper claims; and

(3) Peterson failed to comply with Local Rule 7-3 to meet and confer prior to filing this motion.[1]

Accordingly, Harris respectfully requests that the instant motion to amend the counterclaims be denied outright, or continued until some date after the Court rules on the pending Motion to Dismiss.

## II. RELEVANT BACKGROUND

Harris initiated this lawsuit against Peterson based on false, defamatory statements Peterson published on a social media account about Harris on or about September 17, 2024, that he was under federal investigation for the sexual trafficking of women in connection with another celebrity entertainer prosecuted for such conduct. (Dkt. 1, Compl. ¶ 17).

Peterson answered the Complaint, and subsequently filed an Amended Counter-Complaint against Harris, asserting the following three causes of action: defamation, abuse of process, and intentional infliction of emotional distress. (Dkt. 20)

Harris moved to dismiss the counterclaims because Peterson failed to present

---

[1] As a result of the lack of meet and confer, undersigned counsel did not notice the CM/ECF filing in a timely fashion, missing the deadline (set by the hearing date) to file an opposition.

any factual allegations that could give rise to any legally viable claims for defamation, abuse of process, and/or intentional infliction of emotional distress. (Dkt. 27)

In her opposition brief, Peterson (represented by counsel) specifically clarified that her counterclaims are solely based on the assertion of five separate allegations made in Harris's Complaint initiating this action.[2] (Dkt. 29 at 3-4) This purported factual basis for the counterclaims were not set forth anywhere in the "Counter-Complaint" itself, but first laid out in Peterson's opposition brief. (Id.) As briefed by Harris, these five allegations are absolutely protected by the litigation privilege, Cal Civ. Code § 47(b), and constitute Constitutionally protected free speech under California's statute against strategic litigation against public participation ("Anti-SLAPP"), Cal. Civ. P. § 425.16.

The Court has taken this matter under consideration, and the parties are still awaiting a decision on Harris's motion to dismiss.

In the meantime, Peterson filed the instant Motion for Leave to Amend the counterclaims to include unspecified "facts" and/or "evidence." As there was no attempt to conduct a meeting and confer pursuant to Local Rule 7-3, undersigned counsel is unaware of what specific amendments Peterson is seeking to make, and also will be out of state during the currently set hearing date of October 9, 2025.

---

[2] (1) Harris ended his family's personal relationship with Peterson because he did not want her "dark and toxic energy" around his family (Compl. ¶21), (2) Peterson is a "clout-chaser" who seeks popularity on social media based on her proximity to celebrities, including Harris (Compl ¶22), (3) Peterson obsessively insinuated herself into Harris's family, even posting pictures of her son with him (Compl. ¶23), (4) Peterson feels scorned because Harris does not want her around his family and she became bizarrely obsessed with his every move (Compl. ¶24), and (5) Peterson markets herself as a cannabis entrepreneur, yet holds no license to sell or distribute cannabis in any state (Compl. ¶17). (Dkt. 29 at 3-4)

### III. PETERSON'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE THE PROPOSED AMENDMENTS CANNOT CURE THE LEGAL DEFICIENCIES HIGHLIGHTED IN HARRIS'S ***PENDING*** MOTION TO DISMISS THE COUNTERCOMPLAINT WITH PREJUDICE.

As set forth in Harris's pending Motion to Dismiss, there are no "factual allegations" that Peterson could include in her Countercomplaint that would remedy the legal deficiency of her counterclaims – namely that they are absolutely barred by the litigation privilege, Cal Civ. Code § 47(b), and California's Anti-SLAPP statute. (Dkt. 27)

While the factual bases of her counterclaims were not clearly set forth in the Countercomplaint itself, it was set forth in Peterson's opposition to Harris's Motion to Dismiss. (Dkt. 29 at 3-4) With this instant motion, Peterson is not seeking to amend the legal basis of her counterclaims – simply add factual allegations to support the legally deficient counterclaims.

In California, the litigation privilege, codified at Cal. Civ. Code § 47(b), unequivocally provides that **statements made in judicial proceedings constitute privileged speech that are "absolutely immune from tort liability."** *Rubin v. Green*, 4 Cal. 4th 1187, 1193-94 (1993) (litigation privilege broadly construed to assure litigants "'the utmost freedom of access to the courts to secure and defend their rights....'"); *Silberg v. Anderson*, 50 Cal. 3d 205, 215-16 (1990) (the litigation privilege applies "irrespective of [the] maliciousness" of the communicative act and has "immunize[d] defendants from tort liability based on theories of abuse of process . . . [and] intentional infliction of emotional distress."); *see generally Aronson v. Kinsella*, 58 Cal. App. 4th 254, 270 (1997) ("[T]he privilege is absolute and thus evidence of malice is irrelevant; the absolute privilege protects even statements which are false, fraudulent or motivated by malice.")

All of Peterson's counterclaims are based on a theory of tort liability

(defamation, abuse of process, and intentional infliction of emotional distress) solely based on statements made by one party in a judicial proceeding against another party. Thus, all of Peterson's counterclaims legally fail, and consequently, she has failed to set forth any cognizable claim for relief.

In addition to codifying the litigation privilege, the California Legislature expressly enacted the Anti-SLAPP statute, Cal. Code Civ. P. § 425.16 to "to encourage continued participation in matters of public significance" such as litigation, and prevent the chilling of such participation "through abuse of the judicial process." Cal Code Civ Proc § 425.16(a) The Anti-SLAPP statute expressly identifies constitutionally protected free speech as "any written or oral statement or writing made before a . . . judicial proceeding or . . . any written statement made in connection with an issue under consideration by a . . . judicial body . . . ." Cal Code Civ Proc § 425.16 (e). Here the five statements made in Harris's Complaint constitute constitutionally protected free speech.[3] Thus, all of

[3] As the five allegations in the initiating Complaint are protected speech, they are subject to the Anti-SLAPP statute's two-prong test for determining whether an action constitutes prohibited SLAPP. The first prong requires the Court to decide "whether [there is] a threshold showing that the challenged cause of action is one arising from protected activity" meaning that it meets a category under Cal Code Civ Proc § 425.16 (e). *See Nevellier v. Sletten*, (2002) 29 Cal. 4th 82, 88. If the conduct at issue constitutes such "protected activity" then the Court moves to the second prong in order to determine "whether the plaintiff has demonstrated a probability of prevailing on the claim ." *See Id*; Cal. Code. Civ. P, 425.16(b)(1). When both prongs are satisfied, the Court should strike the claims in a Counter-Complaint that violate the protections offered by the Anti-SLAPP statute. Here, the first prong of the Anti-SLAPP analysis is satisfied because the "factual conduct" underlying Peterson's counterclaims – the five statements made in Harris's Complaint – constitute constitutionally protected free speech. Further, the second prong of the Anti-SLAPP analysis is satisfied because Peterson cannot, under any circumstance, demonstrate the probability of prevailing on any one of her three counterclaims based on the statements made in Harris's Complaint because they are absolutely precluded by the litigation privilege, Cal. Civ. Code § 47(b), as discussed above.

Peterson's counterclaims should be stricken entirely pursuant to California's Anti-SLAPP statute, in addition to being barred by California's litigation privilege.

## IV. PETERSON'S MOTION FOR LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED FOR FAILURE TO COMPLY WITH LOCAL RULE 7-3.

Peterson's instant motion for leave to amend her counter-complaint is not supported by any representation – nor could it be – that counsel for Peterson, as the moving party, met and conferred with undersigned counsel prior to the filing of this motion as required by Local Rule 7-3. No such conference, nor even any good faith attempt at such a conference, ever occurred. Accordingly, **as expressly set forth by Local Rules 7-3 and 7-4, the Court may properly dismiss Peterson's motion in its entirety**.

Local Rule 7-3 requires that a "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution" and that "the conference shall take place at least seven (7) days before the filing of the motion." L.R. 7-3. Local Rule 7-3 also requires the movant to make an affirmative statement in its notice of motion "to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on (date).'" *Id.* "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. 2016)*; see also Lopez v. Wells Fargo Bank*, N.A., 2016 U.S. Dist. LEXIS 144380, at *5–6 (C.D. Cal. Oct. 17, 2016) ("Making two sides talk can significantly help focus and clarify disputes, even when one side still has to file a motion at the end of the day.");

*Caldera v. J.M. Smucker Co.,* 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner").

Here it is undisputed that no such attempt to meet and confer prior to the filing of Peterson's motion was made by her counsel, as the moving party. Had such conference occurred, undersigned counsel would have been aware of forthcoming motion, asked for a different hearing date, and would have a better sense of what the proposed amendment would entail. Further, undersigned counsel would have encouraged Peterson's counsel to wait for the Court's decision on the pending motion to dismiss the counterclaims in order to avoid unnecessary premature briefing, and narrow the scope any additional briefing.

## V. CONCLUSION

For the reasons set forth herein, the instant motion to amend the counterclaims should be denied outright, or continued until some date after the Court rules on the pending Motion to Dismiss.

DATED: September 29, 2025 CAMERON BANKS LAW, A PROF. CORP.

*/s/ Indira J. Cameron-Banks*
Indira J. Cameron-Banks

*Attorneys For* PLAINTIFF
Clifford J. Harris