**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLIFFORD HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>SABRINA D. PETERSON,<br><br>    Defendant. | Case No. CV 24-10781 FMO (RAOx)<br><br>**ORDER RE: MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIM** |

Having reviewed all the briefing filed with respect to counter-claimant's Motion for Leave to File Second Amended Counterclaim (Dkt. 32, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and rules as follows.

The court grants counter-claimant's Motion based on counter-defendant's failure to timely file an opposition. See Local Rule 7-12. The Motion was set for oral argument on October 9, 2025. (See Dkt. 32, Motion at ECF 1). The October 9, 2025, hearing date required counter-defendant to file his opposition to the Motion no later than September 18, 2025. See Local Rule 7-9. Counter-defendant did not file an opposition to counter-claimant's Motion at that time.[1] Accordingly, the court will grant counter-claimant's Motion. See Local Rule 7-12.

---

[1] The court acknowledges that counter-defendant belatedly filed an opposition to counter-claimant's Motion on September 30, 2025. (See Dkt. 33, Counter-defendant's Opposition to Motion to File Second Amended Counterclaim ("Opp.")). In his Opposition, counter-defendant asserts that his filing was untimely because he was unaware of the Motion given that the parties did not meet and confer as required by Local Rule 7-3. (See id. at 5-6). In light of the liberal

The court also finds that counter-claimant has satisfied the standard for granting leave to amend. With respect to whether leave to file an amended complaint is proper, Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)). "Not all of the [Foman] factors merit equal weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Prejudice is the touchstone of the inquiry under rule 15(a)." Id. (internal quotation marks omitted).

Counter-claimant – who is now represented by counsel – seeks leave to file a Second Amended Counterclaim that will include additional factual allegations. (See Dkt. 32, Motion at ECF 7). Here, the deadline to add parties and/or amend claims as set forth in the court's scheduling order was August 25, 2025. (Dkt. 25, Court's Order of May 23, 2025, at 17). Counter-claimant timely filed her Motion by that deadline, (see Dkt. 32, Motion at ECF 5), thus there is no undue delay or dilatory motive. Moreover, counter-defendant will not be prejudiced, especially since counter-claimant is only adding facts to support existing claims and is not asserting any new claims. In short, given the policy favoring amendment of complaints and counter-defendant's failure to file a timely opposition, the court will grant counter-claimant's Motion.

Based on the foregoing, IT IS ORDERED THAT:

---

amendment policy, the court will grant counter-claimant's Motion despite failing to comply with Local Rule 7-3. However, the parties are reminded that they must comply with all meet-and-confer requirements set forth in the Local Rules and this court's orders moving forward.

1.   Counter-claimant's Motion for Leave to File Second Amended Counterclaim **(Document No. 32)** is **granted**.

2.   Counter-claimant shall, no later than two court days from the filing of this Order, file its Second Amended Counterclaim in compliance with Local Rule 3-2.

3.   Counter-defendant shall file its Answer to the Second Amended Counterclaim or a motion pursuant to Fed. R. Civ. P. 12 no later than **October 29, 2025**.

4.   In the event counter-defendant wishes to file a motion to dismiss, then counsel for the parties shall, on **October 22, 2025, at 10:00 a.m.**[2] meet and confer in person, via video, or telephonically to discuss counter-defendant's motion to dismiss. Counter-defendant's motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted, and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied.

5.   Counter-defendant's Motion to Dismiss **(Document No. 27)** is **denied as moot**.

Dated this 6th day of October, 2025.

/s/
Fernando M. Olguin
United States District Judge

---

[2] Counsel may agree to meet and confer at another time without seeking court approval for such an agreement.