# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD HARRIS, | Case No. CV 24-10781 FMO (RAOx) |
| Plaintiff, | |
| v. | **ORDER RE: FURTHER PROCEEDINGS** |
| SABRINA D. PETERSON, | |
| Defendant. | |

Having reviewed and considered the parties' Joint Stipulation to Continue Trial and Attendant Dates and Deadlines (Dkt. 38, "Stipulation"), IT IS ORDERED THAT:

1. The Stipulation **(Document No. 38)** is **granted** as set forth in this Order.[1]

2. All fact discovery shall be completed no later than **February 24, 2026**. The parties are reminded that absent exceptional circumstances, discovery shall not be stayed while any motion is pending.

3. All expert discovery shall be completed by **May 11, 2026**. The parties must serve their Initial Expert Witness Disclosures no later than **March 9, 2026**. Rebuttal Expert Witness Disclosures shall be served no later than **April 8, 2026**. The parties should commence expert

---

[1] Except as set forth in this Order, the parties shall comply with all the requirements set forth in the Court's Case Management Order of May 23, 2025 (Dkt. 25).

discovery shortly after the initial designation of experts, because Local Rules 7-3 and 37-1 require ample time to meet and confer as well as brief the matters, and because the final pretrial conference and trial dates will not be continued merely because expert discovery is still underway.

  4. The parties shall complete their settlement conference before a mediator from the court's ADR Panel ("settlement officer") no later than **February 24, 2026**.  Plaintiff's counsel shall contact the settlement officer with enough time so that the settlement conference date is early enough to comply with the settlement completion deadline imposed by this court.  After obtaining available dates from the settlement officer, counsel for the parties shall confer and select one of the proposed dates.  Plaintiff's counsel shall then advise the settlement officer of the settlement conference date selected by parties.  If the case settles, counsel shall file a Notice of Settlement no later than 24 hours after the case is settled, stating when they expect to file their dismissal papers.  Otherwise, **the parties must, no later than 48 hours after the settlement conference is completed, file a Status Report Re: Settlement**.  The Status Report shall not disclose the parties' settlement positions, i.e., the terms of any offers or demands.  The Status Report shall describe the efforts made by the parties to resolve the dispute informally, i.e., the occasions and dates when the parties participated in mediation or settlement conferences.  The Status Report shall also include the name of the settlement officer who assisted the parties with their settlement conference.

  5. Any motion for summary judgment or other potentially dispositive motion (other than a motion under Rule 12(b)(6)) shall be filed no later than **June 9, 2026** and noticed for hearing regularly under the Local Rules.  Any untimely or non-conforming motion will be denied.  *All potentially dispositive motions shall comply with the requirements set forth in the Court's Order Re: Summary Judgment Motions issued on May 23, 2025 (Dkt. 26).*  Each party is allowed one potentially dispositive motion.[2]

  In general, unless there are historical facts that determine the availability of qualified

---

[2] A motion filed pursuant to Rule 12(c) more than 21 days after the pleadings are closed will be deemed a dispositive motion.

immunity, defendant(s) shall file a motion for summary judgment on the basis of qualified immunity or a request to be exempted from the requirement to seek summary judgment on the basis of qualified immunity. The request shall set out in detail the disputed historical facts that prevent the court from deciding whether defendant is entitled to qualified immunity. Failure to file a motion for summary judgment on the basis of qualified immunity or a request to be exempt from the requirement to file a motion for summary judgment will constitute defendant's waiver of qualified immunity for purposes of this action. See Malone v. U.S. Postal Service, 833 F.2d 128, 129 & 133 (9th Cir. 1987) (In upholding trial court order requiring parties to provide "a thorough and complete list of each and every direct question and anticipated response," court stated that "Rule 16 basically enables trial courts to take steps to improve the efficiency of trials.") (internal quotation marks omitted).

6. The parties shall file memoranda of contentions of fact and law; witness lists; the Pretrial Exhibit Stipulation; and joint motions in limine no later than **July 31, 2026**.

7. The parties shall lodge their proposed Pretrial Conference Order and file the Joint Jury Instructions; Disputed Jury Instructions; a joint proposed verdict form; a joint statement of the case; proposed additional voir dire questions, if desired; and reply memoranda to motions in limine no later than **August 7, 2026**.

The parties shall also send copies of the proposed Pretrial Conference Order; Joint Jury Instructions; Disputed Jury Instructions; the joint proposed verdict form; the joint statement of the case; and any proposed additional voir dire questions, to the chambers e-mail address (fmo_chambers@cacd.uscourts.gov) in WordPerfect (the court's preference) or Word format.

8. The final pretrial conference and hearing on motions in limine is scheduled for **August 21, 2026** at 10:00 a.m.

9. The trial is scheduled to begin on **September 8, 2026** at 9:00 a.m. On the first day of trial, **counsel must appear at 8:45 a.m.** to discuss preliminary matters with the court.

Dated this 17th day of November, 2025.

                                              /s/
                                  Fernando M. Olguin
                              United States District Judge