**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLIFFORD HARRIS, | ) Case No. CV 24-10781 FMO (RAOx) |
| Plaintiff, | ) |
| v. | ) **ORDER RE: MOTION TO DISMISS** |
| SABRINA D. PETERSON, | ) |
| Defendant. | ) |

Having reviewed and considered all the briefing filed with respect to Clifford Harris's ("Harris" or "plaintiff/counter-defendant") Motion to Dismiss Second Amended Counter-Complaint (Dkt. 37, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer, or counterclaim that could be corrected by amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint, here, a counter-complaint, "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit

requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

On October 8, 2026, Sabrina Peterson ("Peterson" or "defendant/counter-claimant") filed a Second Amended Counter-Complaint against Harris, alleging the following counterclaims:  (1) defamation; (2) abuse of process; and (3) intentional infliction of emotional distress ("IIED").  (See Dkt. 36, Second Amended Counter-Complaint at ¶¶ 14-38).  Under the circumstances, the court will grant Harris's Motion and dismiss Peterson's Second Amended Counter-Complaint (Dkt. 36) with leave to amend as to her counterclaim of intentional infliction of emotional distress only.

In preparing the Third Amended Counter-Complaint, Peterson should carefully evaluate the contentions set forth in Harris's Motion and the issues discussed in this Order.  For example, Harris asserts that Peterson's counterclaims for defamation and abuse of process should be dismissed because they are barred by California's litigation privilege. (See Dkt. 37, Motion at 6-8); see also Cal. Civ. Code § 47(b).  The court agrees.

California's litigation privilege provides that a "publication or broadcast" made as part of a "judicial proceeding" is privileged.  Cal. Civ. Code § 47(b).  Although originally applied only to defamation actions, the litigation privilege bars all tort causes of action except a claim for malicious prosecution.  See Silberg v. Anderson, 50 Cal.3d 205, 212 (1990).  The privilege applies to any communication (1) made in a judicial or quasi-judicial proceeding, (2) by litigants or other participants authorized by law, in or out of court, (3) to achieve the objects of litigation, (4) and which has some connection or logical relation to the action. Id.  The litigation privilege is "absolute in nature."  Id. at 215.  "Any doubt about whether the privilege applies is resolved in favor of applying it."  Kashian v. Harriman, 98 Cal.App.4th 892, 913 (2002).

Here, there is no doubt that all four elements of the litigation privilege are met.  First, the statements Peterson alleges to be defamatory, and the actions Peterson alleges constitute an abuse of process, were made in connection with the filing of the Complaint.  (See Dkt. 36, Second Amended Counter-Complaint at ¶ 16); (Dkt.1, Complaint at ¶ 17); see, e.g., Rusheen v. Cohen, 37 Cal.4th 1048, 1058 (2006) ("The pleadings and process in a case are generally viewed as

privileged communications.") (internal quotation marks and alterations omitted).  Second, Harris is a litigant in these proceedings.  (See, generally, Dkt.).  Finally, as to the third and fourth elements, which "[i]n practice . . . are merged into a single inquiry[,] see Butkus v. Downtown Athletic Club of Orlando, Inc., 2008 WL 11338099, *4 (C.D. Cal. 2008), Harris's statements and conduct have some connection or logical relation to the action.  Accordingly, Peterson's defamation and abuse of process counterclaims are barred by the litigation privilege and will be dismissed with prejudice.  See, e.g., id. ("Because Defendant has not shown any ability to allege additional facts to plead around the litigation privilege, the Court dismisses the . . . first cause of action for tortious interference with prejudice.").

Peterson's counterclaim for IIED is based in part on Harris's filing of the Complaint, (see Dkt. 36, Second Amended Counter-Complaint at ¶ 35), and in part on a social media video Harris allegedly made on July 6, 2025, in which he was "visibly agitated in the video" and "made some statements which [Peterson] understood to be a subliminal threat." (See id. at ¶¶ 36-38).  To the extent Peterson's IIED counterclaim is based on the filing of the Complaint, it is barred by the litigation privilege for the reasons explained above.  See, e.g., Kenne v. Stennis, 230 Cal.App.4th 953, 971 (2014) (holding that the conduct underlying plaintiff's intentional infliction of emotional distress claim was privileged under Cal. Civ. Code § 47(b) because it "had some logical relationship to the various lawsuits between the parties"); Komarova v. Nat'l Credit Acceptance, Inc., 175 Cal.App.4th 324, 341 (2009) ("It is well settled that the litigation privilege bars causes of action for intentional infliction of emotional distress.").  As to the video made on July 6, 2025, the court is skeptical that Peterson's allegations, (see Dkt. 36, Second Amended Counter-Complaint at ¶¶ 36-38), rise to the requisite degree of extreme and outrageous conduct needed to support a plausible claim of intentional infliction of emotional distress.  See Doan Tung-Thanh, et al. v. NewRez LLC, et al., 2026 WL 413526, *8 (C.D. Cal. 2026) ("Under California law, any claim for intentional infliction of emotion[al] distress requires as an essential element that Plaintiffs allege the defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff.") (internal quotation marks omitted).

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss **(Document No. 37)** is **granted** as set forth below.

2. The Second Amended Counter-Complaint (Dkt. 36) is **dismissed with leave to amend** as to Peterson's intentional infliction of emotional distress counterclaim.  The counterclaims for defamation and abuse of process are **dismissed with prejudice**.

3.   Peterson shall file a third amended counter-complaint, attempting to cure the deficiencies set forth above, as well as the other alleged defects outlined in Harris's Motion, or a Notice of Intent to Stand on Second Amended Counter-Complaint ("Notice of Intent"), no later than **June 1, 2026**.  See WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1135-36 (9th Cir. 1997) ("Unless a plaintiff files in writing a notice of intent not to file an amended complaint, such dismissal order is not an appealable final decision.  In a typical case, filing of such notice gives the district court an opportunity to reconsider, if appropriate, but more importantly, to enter an order dismissing the action, one that is clearly appealable.").  The court expects that plaintiff/counter-defendant will agree to any amendments that will or attempt to cure the alleged defects.

4.   The third amended counter-complaint must be labeled "Third Amended Counter-Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 24-10781 FMO (RAOx).  In addition, defendant/counter-claimant is informed that the court cannot refer to a prior pleading in order to make her Third Amended Counter-Complaint complete.  Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.  In other words, the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

5. Peterson is cautioned that failure to timely file a Third Amended Counter-Complaint or Notice of Intent shall result in this action being dismissed without prejudice for failure to prosecute and failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370

U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

6.   Harris shall file his Answer to the Third Amended Counter-Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **June 15, 2026**.

7.   In the event plaintiff/counter-defendant wishes to file another motion to dismiss, then counsel for the parties shall, on **June 8, 2026, at 10:00 a.m.**[1] meet and confer in person, via video, or telephonically to discuss plaintiff/counter-defendant's motion to dismiss.  Harris's motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion).  Failure to include such a declaration will result in the motion being denied.

Dated this 19th day of May, 2026.

/s/
Fernando M. Olguin
United States District Judge

---

[1]  Counsel may agree to meet and confer at another time without seeking court approval for such an agreement.