Indira J. Cameron-Banks (CBN 248634)
**CAMERON BANKS LAW**, A PROF. CORP.
407 N. Maple Dr., Grnd. Fl.
Beverly Hills. CA 90210
424.757.0585 | indira@cameronbanks.law

Attorney for Plaintiff,
CLIFFORD J. HARRIS, JR.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD J. HARRIS, Jr., an individual, | Case No. 24-CV-10781-FMO-RAO |
| Plaintiff, | **PLAINTIFF'S *EX PARTE* REQUEST TO CONTINUE THE SUMMARY JUDGMENT FILING DEADLINE and SUPPORTING DECLARATION BY INDIRA J. CAMERON-BANKS** |
| v. | |
| SABRINA D. PETERSON, an individual, | |
| Defendant. | |
| SABRINA D. PETERSON, an individual, | Hon. Fernando M. Olguin |
| Counter Plaintiff, | |
| v. | |
| CLIFFORD J. HARRIS, Jr., an individual, | |
| Counter Defendant, | |

## DECLARATION and *EX PARTE* REQUEST

I, Indira Cameron-Banks, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and hereby state the following in support of an *ex parte* request by Plaintiff/Counter-Defendant Clifford J. Harris Jr. ("Plaintiff") to continue the filing deadline for dispositive motions (*e.g.* motions for summary judgment):

## Statement of Good Cause

1.  This request is not being made to interpose any unreasonable delay, will not prejudice the parties in any way, and is made to preserve Plaintiff's ability to efficiently address both the claims asserted in the Complaint, as well as the claim asserted against him in the Counter-Complaint, which were recently filed and on which he intends to file a Motion to Dismiss on June 15, 2026 per the Court's May 19, 2026 Order (Dkt. 47).

2.  The current procedural posture of this case is as follows:

    a.  Plaintiff initiated this action with the filing of a Complaint on December 13, 2024. (Dkt. 1).

    b.  Defendant/Counter-Plaintiff Sabrina D. Peterson ("Defendant") filed an Answer on April 14, 2025 (Dkt. 17),  but and then filed counterclaims and amended counterclaims against Plaintiff on April 14, 2025, April 22, 2025, and October 8, 2025. (Dkt. 17, Dkt. 20, Dkt. 36)

    c.  Plaintiff moved on two occasions to dismiss Defendant's amended counterclaims, including on May 30, 2025 and again on October 29, 2025. (Dkt. 27, Dkt. 37).

    d.  The Court granted Plaintiff's motion to dismiss six months later, on May 19, 2026 (Dkt. 47), and provided Defendant with leave to amend the counterclaims, which she did again on June 1, 2026 (Dkt. 50).

    e.  Per the Court's Order granting Plaintiff's motion to dismiss, the parties were directed to meet and confer regarding a potential third motion to

1

dismiss on June 8, 2026 at 10:00 a.m., and Plaintiff intends to file such motion on June 15, 2026 per the Court's order and Local Rules.  The parties have mutually agreed that such motion should be scheduled for hearing on July 30, 2026.

      f.    Discovery in this matter closed on April 14, 2026 per the Court's prior Order (Dkt. 45), and <u>Plaintiff has been effectively denied any opportunity to conduct any formal discovery on Defendant's new counterclaims– which are accompanied by a declaration and ten exhibits— as they are being asserted almost two months after discovery has closed</u>.

      g.    The Court previously Ordered a dispositive (*e.g.* summary judgment) motion filing deadline of June 9, 2026 (Dkt. 40).  The Court also ordered that Plaintiff would only be entitled to one summary judgment motion.  This prior scheduling Order was made soon after Plaintiff filed a second motion to dismiss, but six months before any order was issued on that motion.

3.    The current deadlines in this case required that a summary judgment motion be filed on June 9, 2026, one week prior to when Plaintiff can file a motion to dismiss the counterclaims.  The current scheduling Orders in this case allowing for a single dispositive motion <u>deny Plaintiff an opportunity to file a dispositive motion resolving all claims Plaintiff has asserted, as well as Defendant's counterclaims asserted against Plaintiff</u>.

4.    Absent a continuance, Plaintiff will be <u>irreparably prejudiced</u> and denied the opportunity to file a dispositive motion addressing all the claims and counterclaims in this case.

5.    Absent a continuance, the Court and parties will be forced to conduct a <u>piecemeal and incomplete assessment of the claims and counterclaims</u> asserted in this action that would be inefficient, and ineffective for expeditious resolution of the claims through dismissal, settlement and/or trial.

///

///

6.    Accordingly **Plaintiff requests a continuance of the dispositive (summary judgment) motion deadline until either:**

a.   **one week** *after* **the Court reaches a decision on the motion to dismiss Defendant's motion to dismiss the amended counterclaims,** which if successful would obviate the need for seeking summary judgment on them; or in the alternative,

b.  **July 2, 2026,** in order to allow Plaintiff's counsel one month to at least conduct some informal discovery in connection with the amended counterclaims (and attached declaration and ten exhibits) in order to address the counterclaim in the summary judgment motion.  It is clear after the meet and confer meeting that happened on June 8, 2026 at 10:00 a.m. that some further investigation and discovery into Defendant's allegations is needed to properly address them should they survive Plaintiff's motion to dismiss.

### Meet and Confer

7.    During the June 8, 2026, 10:00 a.m., the instant *ex parte* was discussed, and Defendant's counsel was unable to provide an opinion as to whether or not she would be opposing this request.  Counsel for both parties have a cordial professional relationship, and have continued to meet and confer about outstanding claims and counterclaims in this case on June 11, 2026.


DATE:  JUNE 8, 2026                    CAMERON BANKS LAW. A PROF. CORP.

Indira J. Cameron-Banks


Attorneys for Plaintiff
CLIFFORD J. HARRIS, JR.

3