Indira J. Cameron-Banks (CBN 248634)

**CAMERON BANKS LAW**, A PROF. CORP.

407 N. Maple Dr., Grnd. Fl.

Beverly Hills. CA 90210

424.757.0585 | indira@cameronbanks.law

Attorney for Plaintiff,

CLIFFORD J. HARRIS, JR.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CLIFFORD J. HARRIS, Jr., an individual,<br><br>Plaintiff,<br><br>v.<br><br>SABRINA D. PETERSON, an individual,<br><br>Defendant.<br><br>SABRINA D. PETERSON, an individual<br><br>Counter Claimant,<br><br>vs.<br><br>CLIFFORD J. HARRIS, Jr., an individual,<br><br>Counter Defendant. | Case No. 24-CV-10781-FMO-RAO<br><br>**PLAINTIFF CLIFFORD J. HARRIS'S MOTION TO DISMISS DEFENDANT SABRINA D. PETERSON'S THIRD AMENDED COUNTER-COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>[Declaration of Indira Cameron-Banks]<br><br>DATE: July 30, 2026<br>TIME: 10:00 A.M.<br>CRTM: First St. Courthouse, 6D<br><br>Hon. Fernando M. Olguin |

**TO THIS HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD—**

PLEASE TAKE NOTICE that on July 30, 2026, or as soon thereafter as the matter may be heard, Plaintiff and Counter-Defendant Clifford J. Harris ("Harris"), will, and hereby does, move this Court an Order dismissing the Third Amended Counter-Complaint, and her intentional infliction of emotional distress counterclaim set forth therein pursuant to Fed. R. Civ. P. 12(b)(6) for failure to set forth factual allegations that plausibly establish any cognizable claim for relief against Harris.

This motion will be made before the Honorable Fernando M. Olguin, United States District Judge, in Courtroom 6D at the 1st Street Courthouse located at 350 West 1st Street, Los Angeles, California 90012.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, all pleadings, records, and other documents on file with the Court in this action, and upon such oral and/or documentary evidence as may be presented at, before, and after the hearing of this motion.  This motion is made after undersigned counsel was able to meet and confer with counsel for Defendant/Counter-Claimant about its contents pursuant to Local Rule 7-3, along with the rules specific to this Court, on June 8, 2026 at 10:00 a.m. as set forth in the attached declaration.

DATED: June 15, 2026          CAMERON BANKS LAW, A PROF. CORP.


                              /s/ Indira J. Cameron-Banks
                               Indira J. Cameron-Banks

                               *Attorneys For* PLAINTIFF
                              Clifford J. Harris

## I.      INTRODUCTION

Plaintiff Clifford Harris ("Harris") hereby moves to dismiss the Third Amended Counter-Complaint filed by Defendant/Counter-Plaintiff Sabrina Peterson ("Peterson"), and the counterclaim asserted therein for Intentional Infliction of Emotional Distress ("IIED")

As set forth in Harris's first and second motions to dismiss the first and second amended counter-complaints, the allegations set forth by Peterson could never give rise to any cognizable claim for IIED. In the most recent Counter-Complaint, Peterson fails to plead any factual allegations that could plausibly give rise to an IIED claim– or any legal claim for that matter. The allegations seemingly reflect that she is either basing her claims on time-barred events (that occurred nineteen years ago), or on a generic social media post by Harris that this Court has already found was insufficient to support such a claim.

As Peterson, with multiple opportunities to amend her Counter-Complaint, fails to allege any facts that give rise to any cognizable counter claim, dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), *with prejudice*, is appropriate.

## II.      RELEVANT PROCEDURAL BACKGROUND

Harris filed this lawsuit on December 13, 2024, asserting tort claims against Peterson based on false, defamatory statements she publicly published about him on September 17, 2024. (Dkt. 1, Compl. ¶ 17).  In response, Peterson filed an answer, and has sought to assert counterclaims against Harris for defamation, abuse of process, and intentional infliction of emotional distress in a Counter-Complaint that has been amended three times. Harris has filed two separate motions to dismiss the counterclaims. The Court ultimately dismissed Peterson's counterclaims for defamation and abuse of process, with prejudice, and her IIED counterclaim without prejudice**.** (Dkt. 47)

Peterson has refiled a Third Amended Counter-Complaint asserting a single IIED claim that is seemingly based on alleged "incidents" occurring in 2007 and 2014,

along with the same July 6, 2025 social media post identified in the prior versions of her Counter-Complaint, which were dismissed.  During the conference of counsel conferring on this instant motion, Peterson's counsel indicated the older alleged incidents were presented to provide background on Peterson's subjective state of mind and that the IIED claim is still primarily based on the 2025 social media post.

The social media post made by Harris (a popular and well-known entertainer) on July 6, 2025, was a message to his (over 14 million) social media followers about his upcoming comedy show.  The video shows him walking outdoors speaking about the "beautiful day" and ends with a flyer advertising his comedy show.  In the video he states:

> *Yeah man, I'm just out here, man. Just thinking how beautiful it is today, man. You know it's a beautiful day to not be a buster, man. It's a beautiful day to not hate on nobody. It's a beautiful day to not spread lies and to not be negative. It's a beautiful day, man to mind your business. It's a beautiful day, bro. God has blessed us with this beautiful day. Don't take it for granted. Don't take this beautiful day for granted. Don't be out here spreading propaganda just because you unhappy with your life and yourself. Man. God has blessed you too, man. He got your blessings. Don't look to nobody else and point blame at somebody else because you ain't reached and tapped into your blessings yet they coming Alright. Alright, and and furthermore, I'll be in DC man. I'll be in DC at the Improv in two more show (sic) the rest are sold out.*

*See https://www.instagram.com/p/DLxa9UHMHct/* (Instagram, last accessed June 14, 2026).  Peterson's claim is seemingly based on the fact that approximately 3 -- of the over 45,000 social media accounts that either "liked" or "commented" on the social media post – referenced Peterson (by her first name "Sabrina") generally intimating she should stop harassing Harris.   (Dkt. 36-2; Dkt. 50-1)

*///*

## III.   RELEVANT LEGAL FRAMEWORK

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court may dismiss a Complaint for failure to state a claim upon which relief can be granted.  "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (*quoting Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). A complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "[T]o survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v.*

*Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

Dismissal, pursuant to Fed. R. Civ. P. 12(b)(6) or otherwise, without leave to amend, is proper when "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks omitted), or when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### IV.    POINTS AND AUTHORITIES

#### A. Peterson's Counter-Complaint Fails to Set Forth Any Facts Sufficient to Establish Any Cognizable Claim Whatsoever.

In her Second Amended Complaint, Peterson adds factual allegations that continue to fail to give rise to any legally cognizable claims. Specifically, there are no reasonable inferences from the additional allegations that are "plausibly suggestive of a claim entitling the plaintiff to relief" or support any cognizable legal theories. *See Moss,* 572 F.3d at 969; *Somers,* 729 F.3d at 959.

To the extent that Peterson's IIED counterclaim is based on incidents that were alleged to have occurred between eleven to nineteen years ago, they are time-barred by the statute of limitations.

To the extent that her IIED counterclaim is based on Harris's generic social media post promoting his upcoming comedy show for which there is no factual support demonstrating that the post was directed toward Peterson, she fails to set forth any facts that plausibly give rise to a legally cognizable claim.

As such, the instant Motion should be granted pursuant to Fed. R. Civ. P. 12(b)(6), and the Third Amended Counter-Complaint should be dismissed in its entirety, with prejudice.

///

///

**B. Peterson Fails to Set Forth Any Factual Allegations That Plausibly Give Rise to a Viable Claim for Intentional Infliction of Emotional Distress**

With respect to her third counterclaim for intentional infliction of emotional distress, Peterson asserts that in addition to the allegations made in Harris's Complaint, her counterclaim is seemingly supported by the following:

(a)     an allegation that in 2007 Harris pointed a firearm at Peterson, which was never criminally reported, and was litigated to conclusion with a dismissal in Los Angeles Superior Court, *Peterson v. Harris, et al.*, Case No. 21STCV07836. (Dkt. 50, ¶ 19);

(b)     an allegation that Peterson believes a 2007 rap song released by Harris and another artist discussing a firearm was somehow about her even though she was never referenced or mentioned in it (Dkt. 50, ¶ 20);

(c)     an allegation that in 2014 a third-party told Peterson that Harris allegedly would pay the third-party to throw Peterson off a building (Dkt. 50, ¶ 21); and

(d)     an allegation that Harris's July 6, 2025 social media post on the Instagram platform talking about "a beautiful day" and advertising his upcoming comedy show – without making any reference whatsoever to Peterson – constituted an implicit threat to her (Dkt. 50, ¶ 23).

However, **the first three allegations are absolutely time-barred by the applicable state two-year statute of limitations on such claims**. *See* Cal. Code. Civ. P. § 335.1; see also *Farnum v. Big Dental Grp.*, 2025 Cal. Super. LEXIS 9640 *6 (Orange County Superior Court April 14, 2025)(*citing Pugliese v. Superior Court* 146 Cal.App.4th 1444, 1450 (2007); *Cantu v. Resolution Trust Corp.* 4 Cal.App.4th 857, 889 (1992); *Wassmann v. South Orange County Community College District* 24 Cal.App.5th 825, 852-853(2018)).  Any IIED claim based on the allegations about purported incidents in 2007 would have had

to have been brought by 2009, and those about a purported incident in 2014 would have had to have been brought by 2016.  Accordingly, the only incident which is not time-barred is the June 6, 2025 social media post.

The required elements for an IIED claim are well established as follows:

> (1)extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.

*Colonial Van & Storage, Inc. v. Superior Court*, 76 Cal. App. 5th 487, 506-07, (2022) (citing *Carlsen v. Koivumaki* 227 Cal.App.4th 879, 896 (2014)( the defendant must either intend to inflict injury by their conduct, or engaged in such conduct with the realization that injury will result); *Hughes v. Pair* 46 Cal.4th 1035, 1050 (2009)(explaining that outrageous conduct is such that exceeds all bounds of civilized society))

As an initial matter, the third element of Peterson's IIED claim is not satisfied because her purported distress (which does not even rise to the level of actionable) was -- as demonstrated by the exhibits to her Counter-Complaint – actually and proximately caused by unknown third parties who wrote a comment in response to Harris's social media post – not Harris himself.

In order to state an IIED claim, Peterson would have to allege facts demonstrating "extreme and outrageous conduct" by Harris taken "with the intention of causing, or reckless disregard of the probability of causing, emotional distress. *See Doan Tung-Thanh, et al. v. NewRez LLC, et al.*, 2026 WL 413526, *8 (C.D. Cal. 2026) (IIED "requires as an essential element that … defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the

plaintiff.").   Harris's Instagram post with a message that "it's a beautiful day" followed by him advertising to his fans to come to his next comedy show, and posting a flyer advertising his show, is a far cry from "extreme and outrageous conduct" or any conduct that could plausibly cause "emotional distress."  The social media post does not reference (or "tag") or allude to Peterson in any way whatsoever as it is a general catchy message in order to announce Harris's upcoming professional engagement.  There is **no reasonable, plausible connection between the social media post and Peterson**, and **there is no plausible reason that Harris would suspect that any reasonable person (or even Peterson) would in any way be affected by his social media post discussing the "beautiful day" and promoting his comedy show**.  Moreover, Peterson's paranoid characterization of this social media post as "a subliminal threat" is simply unreasonable by any standard.[1]

Not only does the purported wrongful conduct be *objectively* extreme and outrageous, but the emotional distress must also be severe and enduring. Moreover, a party's *subjective* discomfort, or concern, over the social media post does <u>not</u> satisfy the necessary legal prerequisite for an IIED claim. "Liability for intentional infliction of emotional distress <u>does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.</u>" (emphasis added) *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1265 (2017)  Moreover, the level of distress experienced by Peterson must be substantial, and enduring that "no reasonable person in civilized society should be expected to endure it." *Id.*   Here, Peterson merely alleges -- in a conclusory fashion -- a litany of ailments

---

[1] Moreover, Peterson's outrageous, unfounded allegation that a third party witness was somehow threatened by an undisclosed unnamed individual  -- an incident that was never reported or disclosed to undersigned counsel -- in May 2026, a year after the purportedly offensive social media post was made, has no bearing on whether the July 2025 social media post itself could serve as a basis of an IIED claim. (Dkt. 50, ¶ 39)

she purports are related to the social media post including trepidation, unease, agitation, and dread.  These are not indicative of the type of unbearable distress required to establish an IIED claim.

Accordingly, Peterson fails to set forth sufficient facts to state "a claim to relief that is plausible on its face" because the alleged facts do not allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged" or even establish any of the required elements for an IIED claim. *Ashcroft,* 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570).  Because the "non-conclusory factual content, and reasonable inferences from that content" are not "plausibly suggestive of a claim entitling the plaintiff to relief," Peterson's counterclaim for intentional infliction of emotional distress should be dismissed. *Moss,* 572 F.3d at 969.

## V.    CONCLUSION

For the reasons set forth herein, the counterclaim asserted in Peterson's Third Counter-Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See Somers,* 729 F.3d at 959 (Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory.)  Because "it is absolutely clear that the deficiencies of the [Counter-C]omplaint could not be cured by amendment," dismissal of Peterson's IIED counterclaim should be *with prejudice*.  *Karim-Panahi*, 839 F.2d at 623; *see also Jackson,* 353 F.3d at 758.

DATED: June 15, 2026          CAMERON BANKS LAW, A PROF. CORP.


                              */s/ Indira J. Cameron-Banks*
                                Indira J. Cameron-Banks

                              *Attorneys For* PLAINTIFF
                              Clifford J. Harris

## DECLARATION OF INDIRA J. CAMERON-BANKS

I, Indira J. Cameron-Banks, do hereby state and declare as follows:

1.    I am the attorney representing the Plaintiff (and Counter-Defendant) Clifford J. Harris ("Harris") in this matter, and provide this declaration in support of my client's Motion to Dismiss the Third Amended Counter-Complaint filed by Defendant (and Counter-Plaintiff) Sabrina D. Peterson ("Peterson"). I have personal knowledge of the facts set forth in this declaration, and if called upon as a witness, could and would, testify as to the truth of the matters set forth below.

2.    On June 8, 2026 at 10:00 a.m., I held a zoom conference with Keita Middleton, Peterson's counsel as we had previously agreed upon the week before, and engaged in a meet and confer conversation regarding this instant motion lasting approximately 30 minutes. As usual, counsel meetings were professional and courteous. During this call, I explained that it is Plaintiff's position that the grounds previously asserted in Plaintiff's motions to dismiss the first and second counter-complaints remain relevant because it is our position that the generic social media post/advertisement cannot give rise to an emotional distress claim, and the earlier incidents identified in the Third Counter-Complaint are time-barred. Ms. Middleton expressed that she understood Plaintiff's position but that Defendant/Counter-Claimant would continue to press the amended counterclaim regarding the social media post, and the prior incidents described in the Counter-Complaint were intended to give background explaining Defendant/Counterclaimant's subject state of mind when reviewing the 2025 social media post. During this call we also briefly discussed the impending deadlines, and timelines in this case and scheduled a follow-up in person conference regarding potential summary judgment motions.

///

///

///

- 1 -
DECLARATION OF INDIRA J. CAMERON-BANKS

Under penalty of perjury, and in accordance with 28 U.S.C. § 1746, I declare the foregoing to be true and correct to the best of my knowledge and belief.

Executed this 15th Day of June 2026 in Los Angeles County, California

_____

Indira J. Cameron-Banks

DECLARATION OF INDIRA J. CAMERON-BANKS