Keita T. Middleton (CA SBN 283813)
19744 Beach Blvd., #156
Huntington Beach, CA 92648
Email: kmiddleton@ktmlaw.us
(714) 797 -7671

Attorney for Defendant/Counter-Claimant,
Sabrina D. Peterson

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD J. HARRIS, Jr., an individual, <br><br> Plaintiff, <br><br> vs. <br><br><br> Defendant. <br>———————————————— <br> SABRINA D. PETERSON, an individual <br><br> Counter Claimant, <br><br> vs. <br><br> CLIFFORD J. HARRIS, Jr., an individual, <br><br> Counter Defendant. | Case No:    2:24-cv-10781-FMO-RAO <br><br> **DEFENDANT/COUNTER-CLAIMANT SABRINA D. PETERSON'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANT/COUNTER-CLAIMANT SABRINA D. PETERSON'S THIRD AMENDED COUNTER-COMPLAINT** <br><br> [Declaration of Keita T. Middleton and <br> Sabrina D. Peterson] <br><br> DATE:  July 30, 2026 <br> TIME:  10:00 A.M. <br> CRTM: First St. Courthouse, 6D <br><br> Hon. Fernando M. Olguin |

TO THIS HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD -

Please take notice that Defendant and Counterclaimant, Sabrina D. Peterson ("Counter-Claimant or Ms. Peterson"), hereby opposes the Motion to Dismiss Defendant/Counter-Claimant's Third Amended Counter-Complaint Pursuant to Fed.R.Civ.P.12(b)(6) filed by Plaintiff /Counter-Defendant Clifford J. Harris, Jr. ("Counter-Defendant or Mr. Harris").

DEFENDANT/COUNTER-CLAIMANT SABRINA D. PETERSON'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANT/CROSS-CLAIMANT SABRINA D. PETERSON'S THIRD AMENDED COUNTER-COMPLAINT

i

**Table of Contents**

I.    INTRODUCTION…………………………………………………………………… 1

II.   BACKGROUND/PROCEDURAL HISTORY …………………………...…………… 1

III.  OPPOSITION TO MOTION TO DISMISS…………………………………...….. 2

IV.   POINTS AND AUTHORITIES ………………………………………………….…… 3

    A.  Peterson's Third Amended Counter-Complaint Should Not Be Dismissed Because It Adequately Sets Forth Facts Sufficient to Establish a Cognizable Claim …………………………………………………………………………….. 3

    B.  Counter Claimant's Third Amended Complaint Also Relies Also on a Spring 2026 Incident Resulting in Continued IIED Suffered by Ms. Peterson …. 6

    C.  Mr. Harris's Conduct Has and Continues to Be Extreme and Outrageous ……… 7

    D.  Peterson Shall be Granted Leave to Amend her Counter-Complaint If the Court Finds there are any curable defects………………………………………..……. 8

V.    CONCLUSION ……………………………………………………………….......... 9

**Table of Authorities**

**CASES**

*Gogos v. AMS Mech. Sys., Inc.,*
737 F.3d 1170, 1172 (7th Cir. 2013) ……………………………………………………. 2

*Ashcroft v. Iqbal,*
556 U.S. 662, 678 (2009) ……………………………………………………………….. 2, 3

*Santana v. Cook Cty. Bd. of Review,*
679 F.3d 614, 620 (7th Cir. 2012) …………………………………………………… 2

*Alam v. Miller Brewing Co.,*
709 F.3d 662, 666 (7th Cir. 2013) …………………………………………………… 2

DEFENDANT/COUNTER-CLAIMANT SABRINA D. PETERSON'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANT/CROSS-CLAIMANT SABRINA D. PETERSON'S THIRD AMENDED COUNTER-COMPLAINT

ii

*Bell Atlantic Corporation v. Twombly,*
55 U.S. 544 (2007) ……………………………………………………………..…… 2, 3, 7

*Conley v. Gibson,*
355 U.S. 41 (1957) …………………………………………………..………..…. 3

*Butt v. United Brotherhood of Carpenters & Joiners of America,*
No. 09-4285, 2010 WL 2080034
(E.D. Pa. May 19, 2010) …………………………………………………………..3

*Kiseskey v. Carpenters Trust for Southern California,*
112 Cal.App.3d 1001 (1983) ……………………………………………………… 3, 4

*Fletcher v. Western National Life Ins. Co.,*
10 Cal.App.3d at p. 397 ………………………………………………...…………….. 4

*Alcorn v. Anbro Engineering, Inc.,*
2 Cal. 3d 493 (1970) ………………………………………………………………. 5

*Starr v. Baca,*
633 F.3d 1191 (2011) …………………………………………………………….7

*McKenney v. Purepac Pharm. Co.*
167 Cal.App.4th 72,78. (2008) ………………………………………………… 8

*Morgan v. Super. Ct.*
        172 Cal.App.2d.527.530 (1959) ……………………………………………... 8

*Atkinson v. Elk Corp.*
        109 Cal.App.4th 739, 76*1* (2003) ……………………………………...……… 8

*Thompson Pac. Construction, Inc. v. City of Sunnyvale*
        155 Cal.App.4th 525, 544-545 (2007) ……………………………………….…... 8

**STATUTES**

Fed. R. Civ. P. 12(b)(6) …………………………………………………… i, 1, 2, 3

Fed. Rule 8 ……………………………………………………………………... 3, 7

Federal Rule of Civil Procedure 15(a) …………………………………………… 8

Code Civ. Proc. 473(a)(1) ……………………………………………..……….... 8

**DEFENDANT/COUNTER-CLAIMANT SABRINA D. PETERSON'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANT/CROSS-CLAIMANT SABRINA D. PETERSON'S THIRD AMENDED COUNTER-COMPLAINT**

## I.   INTRODUCTION

Counter-Defendant Clifford Harris, Jr., seeks a dismissal of Counter-Claimant Sabrina D. Peterson's Third Amended Counter-Complaint, arguing that the counterclaim of intentional infliction of emotional distress fails to set forth factual allegations that plausibly establish any cognizable claim for relief against Mr. Harris, pursuant to Fed. R. Civ. P. 12(b)(6).  However, Ms. Peterson has presented a plenitude of factual allegations that establish a claim of intentional infliction of emotional distress.

Ms. Peterson respectfully requests that this honorable court deny said motion to dismiss, as there have been facts sufficiently pled to state a claim upon which relief can be granted, as set forth in this opposition, and asks the court for leave to amend the cross-complaint, where appropriate.

## II.   BACKGROUND AND PROCEDURAL HISTORY

Ms. Peterson had a decade-long plus friendship with Mr. Harris's wife, which ended after a dispute between Ms. Peterson and Mr. Harris, resulting in a public conflict on social media between Mr. Harris and Ms. Peterson.

The public dispute led to multiple lawsuits being filed against each other for various claims of action, particularly defamation, including this present claim to which Ms. Peterson submitted an Answer a Counter-Complaint, Second Amended Counter-Complaint and now a Third Amended Counter-Complaint against Mr. Harris, asserting cause of action: intentional infliction of emotional distress.  In response, Mr. Harris has filed a Motion to Dismiss Ms. Peterson's third amended counter-complaint with prejudice.

Mr. Harris' motion to dismiss argues that the referenced incidents occurring in 2007 and 2014 are too remote in time and barred by the statute of limitations, that the July 6, 2025 social media post was simply promotional in nature for Mr. Harris's upcoming show and completely ignores the allegation regarding the Spring 2026 incident where Ms. Peterson's key witness received a threatening phone call, reasonably presumed to be sent at the direction of Mr. Harris.

However, patterns of threats and prior acts shall be considered as context for later conduct

**DEFENDANT/COUNTER-CLAIMANT SABRINA D. PETERSON'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANT/CROSS-CLAIMANT SABRINA D. PETERSON'S THIRD AMENDED COUNTER-COMPLAINT**

and ambiguous statements can become threatening because of prior history between the parties. Therefore, Mr. Harris' motion to dismiss the third amended counter-complaint should be denied.

### III. OPPOSITION TO MOTION TO DISMISS

Mr. Harris filed a Motion to Dismiss the Third Amended Counter-Complaint ("Motion") based on Federal Rule of Civil Procedure 12(b)(6).  Counter-Claimant opposes the Motion.

Rule 12(b)(6) provides that parties may assert by motion a defense based on "failure to state a claim upon which relief can be granted". Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege 'sufficient factual matter to state a claim to relief that is plausible on its face.'" *Gogos v. AMS Mech. Sys., Inc.,* 737 F.3d 1170, 1172 (7th Cir. 2013) (per curiam) (alterations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court should accept all well-pleaded facts in the complaint as true and then ask whether those facts state a plausible claim for relief. See id. at 679; *Santana v. Cook Cty. Bd. of Review*, 679 F.3d 614, 620 (7th Cir. 2012). Allegations that state "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678. As this analysis suggests, the plausibility standard does not allow a court to question or otherwise disregard nonconclusory factual allegations simply because they seem unlikely. See Id. ("The plausibility standard is not akin to a 'probability requirement'...."). Rather, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In light of this standard, Cross-Claimant has pled sufficient nonconclusory factual allegations to plausibly state her cause of action by specifically identifying Mr. Harris' alleged extreme and outrageous conduct that Mr. Harris intended to cause emotional distress and as a result Ms. Peterson suffered severe emotional distress showing that Mr. Harris' conduct was a substantial factor in causing Ms. Peterson's severe

**DEFENDANT/COUNTER-CLAIMANT SABRINA D. PETERSON'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANT/CROSS-CLAIMANT SABRINA D. PETERSON'S THIRD AMENDED COUNTER-COMPLAINT**

emotional distress.

## IV. POINTS AND AUTHORITIES

    A. <u>Ms. Peterson's Third Amended Counter-Complaint Should Not Be Dismissed</u>

    <u>Because It Adequately Sets Forth Facts Sufficient to Establish a Cognizable Claim</u>

In *Conley v. Gibson*, 355 U.S. 41 (1957), the Supreme Court stated the interlay between Rule 8 and Rule 12(b)(6) as follows: "T[]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle [them[ to relief". *Conley* Id at 45-46. In *Bell Atlantic Corporation v. Twombly*, 55 U.S. 544 (2007), the Court noted questions raised regarding the "no set of facts" test and clarified that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint", id. At 563. In *Ashcroft v. Iqbal*, 556 U.S. 661 (2009), the Court further elaborated on the test, including this statement: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face". Id. At 1949 (citation omitted). Where a complaint is inadequate, leave to *amend the complaint is common. See, e.g., Butt v. United Brotherhood of Carpenters & Joiners of America*, No. 09-4285, 2010 WL 2080034 (E.D. Pa. May 19, 2010).

Mr. Harris's Motion to Dismiss the IIED claim is premised on the argument that:

1. The incidents that the IIED counterclaim is based on are time barred by the statute of limitations. However, the incidents occurring in 2007 and 2014 are referenced not because Ms. Peterson is seeking damages for these incidents; rather they are older events referenced to give context. Any reasonable person who has been threatened multiple times by the same person would see the July 2025 video as a threat. Both the intensity and duration of the emotional distress suffered must be considered in determining its severity. Severe emotional distress means 'emotional distress of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it. *Kiseskey v. Carpenters Trust for Southern California*, 112 Cal.App.3d 1001 (1983), citing *Fletcher v. Western National Life Ins. Co.*, 10

**DEFENDANT/COUNTER-CLAIMANT SABRINA D. PETERSON'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANT/CROSS-CLAIMANT SABRINA D. PETERSON'S THIRD AMENDED COUNTER-COMPLAINT**

3.

Cal.App.3d at p. 397 [89 Cal.Rptr. 78, 47 A.L.R.3d 286].  In *Kiseskey*, the claimant received a series of threatening phone calls on multiple different occasions and the court concluded these telephone calls collectively rose to the level of extreme and outrageous behavior.  Here in the present case, there are a series of hostile and threatening events collectively contributing to Ms. Peterson suffering from IIED, beginning with the 2007 incident of Mr. Harris drawing a deadly weapon to Ms. Peterson's head and the threat of Ms. Peterson's and her significant other's safety in a published rap song and conspiring to threaten Ms. Peterson's safety by soliciting a third party, Alphamega, to commit bodily harm against Ms. Peterson, and interfering with the current litigation by attempting to intimidate a person scheduled to serve as a witness for Ms. Peterson at trial.  These instances cumulatively over a long period of time have all caused severe emotional distress of such an enduring quality.  The Court should further take note that Mr. Harris's responsive pleading to the Third Amended Counter Complaint does not lodge a denial to the 2007-gun incident (their only defense is statute of limitation), nor the 2014 incident with Alphamega (their only defense is status of limitation), nor the warning phone call received by Ms. Peterson's trial witness (not even acknowledged).  Therefore, there is a presumption of culpability giving rise to extreme and outrageous behavior over the course of time.

2.  The  June 6, 2025 social media post not meeting the third element of Ms. Peterson's IIED claim of actual and proximate causation of the emotional distress by the defendant's outrageous conduct because Ms. Peterson's purported distress was actually and proximately caused by unknown third parties who wrote a comment in response to Harris's social media post – not Harris himself.  However, Mr. Harris's Motion to Dismiss mischaracterizes the source of Ms. Peterson's distress.  The distress did not come from the comments of unknown people.  These comments simply help identify that Ms. Peterson was the subject/target of the cryptic social media post.  It was the actual content of Mr. Harris's social media post, where he is visibly agitated and sends a warning to Ms. Peterson when he stated "…it's a beautiful day to mind your business… don't take today for granted".  This was more than promotion.  These words are synonymous with "tomorrow is not promised" or "life is short".  These words, especially as directed to Ms. Peterson, are

**DEFENDANT/COUNTER-CLAIMANT SABRINA D. PETERSON'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANT/CROSS-CLAIMANT SABRINA D. PETERSON'S THIRD AMENDED COUNTER-COMPLAINT**

4.

absolutely threatening and definitely sending a warning to Ms. Peterson, given the history of Mr. Harris's and Ms. Peterson's relationship over the years. Even if there is any doubt, it is for the trier of fact to determine, not for the Court to determine in response to a dispositive motion.

Further, based on the history between Mr. Harris and Ms. Peterson an average person who experienced the same things as Ms. Peterson at the hands of Mr. Harris would see this 2025 video as another threat on their well-being – the FOURTH threat to be exact. Mr. Harris has threatened Ms. Peterson's life in the past with a **deadly weapon at a children's birthday party**, and a reasonable person would believe that Mr. Harris would threaten their life again. Mr. Harris argues that there is no reasonable, plausible connection between the social media post and Ms. Peterson and that there is no plausible reason that Harris would suspect that any reasonable person (or even Peterson) would in any way be affected by his social media post discussing the "beautiful" day and promoting his comedy show. However, a reasonable person who has suffered the same level of trauma that Ms. Peterson has suffered at the hands of Mr. Harris would absolutely find a plausible connection between the post and threats to Ms. Peterson. Ms. Peterson is not "paranoid" and Mr. Harris was not simply promoting his upcoming show.

Mr. Harris believes that Ms. Peterson applies a subjective test, rather than an objective test, but that is incorrect. Even on an objective basis, the average reasonable person, who has had a deadly weapon pointed at their head and been threatened in published song lyrics and whose life has been threatened for pay would believe the July 6, 2025 post urging them to mind their business and not to take the day for granted was about them, and would be suffering from intentional infliction of emotional distress after their life and/or well-being has been threatened over the course of almost two decades.

Similar to the claimant in *Alcorn v. Anbro Engineering, Inc.*, 2 Cal. 3d 493 (1970), where the claimant was a victim of offensive racial slurs by a supervisor and the court found name-calling extreme and outrageous concluding this was an intentional invasions of one's mental and emotional tranquility, Ms. Peterson has alleged facts and circumstances which reasonably could lead the trier of fact to conclude that defendants' conduct was extreme and outrageous, having a severe and

DEFENDANT/COUNTER-CLAIMANT SABRINA D. PETERSON'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANT/CROSS-CLAIMANT SABRINA D. PETERSON'S THIRD AMENDED COUNTER-COMPLAINT

5.

traumatic effect upon Counter Claimant's emotional tranquility.  If name calling is found to be categorized as extreme and outrageous behavior, surely using social media as a means of sending threatening messages, as cryptic as they may be, by a person known to carry and use firearms, would also be categorized as extreme and outrageous behavior

B. Counter Claimant's Third Amended Complaint Also Relies Also on a Spring 2026 Incident Resulting in Continued IIED Suffered by Ms. Peterson by Mr. Harris

Counter Defendant Mr. Harris's Motion to Dismiss Ms. Peterson's Third Amended Counter Complaint attacks only a portion of the counter-complaint: allegations of incidents that occurred between eleven and nineteen years ago and Mr. Harris's social media post.  However, the Third Amended Counter-Complaint also identifies another incident which occurred during the discovery process for the present federal case against Ms. Peterson for defamation, etc. where Defendant/Counter Claimant's witness to be called at trial, Lakiesha Miles, was contacted by an affiliate of Mr. Harris less than one month after Ms. Miles's deposition was held by Mr. Harris's counsel, who gave a warning/threat to said witness via telephone.  This witness will be called at trial to testify about this recent threat: who it was from, why she knew the threat was from Mr. Harris and the content of the conversation.  The motion to dismiss ignores this allegation that not only has Mr. Harris threatened Ms. Peterson on numerous occasions for decades, but he is now also threatening the safety of Ms. Peterson's primary witness.

The motion to dismiss further ignores the fact that Mr. Harris has a well-documented history involving serious federal firearms offenses and being affiliated in some way with multiple instances of gun violence.  The motion to dismiss also ignores the fact that Mr. Harris was convicted in 2009 of unlawfully possessing machine guns and silencers and possession of firearms by a convicted felon.  This all shows that Mr. Harris is capable and has the means to carry out any threat he so chooses to.

The motion to dismiss further fails to address the fact that as the owner of Super Sound Studios (formerly Silent Sound Studios) Mr. Harris's business has been the location of at least two (2) shootings since ownership has been taken over by him.  This has happened after the studio had

DEFENDANT/COUNTER-CLAIMANT SABRINA D. PETERSON'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANT/CROSS-CLAIMANT SABRINA D. PETERSON'S THIRD AMENDED COUNTER-COMPLAINT

6.

been in existence since 1996 and having two previous owners prior to Mr. Harris, where there had never been any instances of gun violence at Silent Sound Studios/Super Sound Studios in all of its existence until after it was purchased by Mr. Harris.  These are all instances that should be considered when the Court is determining the plausibility of the factual allegations giving rise to a viable claim for IIED, as presented under Ms. Peterson's specific circumstances.

Ultimately, well-pleaded factual allegations must be accepted as true and a [counter] complaint needs to only state a plausible claim.  See *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007). The courts must construe allegations in the plaintiff's/[counter claimant's] favor at the pleading stage.  See *Starr v. Baca*, 633 F.3d 1191 (2011) where the court held that the <u>inaction</u> of law enforcement to solicit medical attention for a wounded inmate was plausible evidence, stating "They [the allegations] may or may not ultimately be proven by evidence. But the question is not truth or even probability. Rule 8(a) "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations" citing *Twombly*, Supra.

C.  <u>Mr. Harris's Conduct Has and Continues to Be Extreme and Outrageous</u>

In this Court's Order re: Motion to Dismiss dated May 19, 2026, the Court's only issue as related to the video made on July 6, 2025 in connection to the IIED claim, is that the court was skeptical that Peterson's allegations as related to Mr. Harris's actions gives rise to the requisite degree of extreme and outrageous conduct needed to support a plausible claim of intentional infliction of emotional distress.  Here, Counter Claimant has provided additional facts and the background of the history of how Mr. Harris has and continues to engage in violence and threats of violent behavior, including a more recent incident of intimidation, showing that this behavior and cumulation of incidents rise to extreme and outrageous conduct.

Therefore, at the very least, with Mr. Harris having a close affiliate contact and intimidate Ms. Peterson's trial witness and interfering with the discovery process of the current federal case meets the elements of IIED: a) extreme and outrageous conduct by the [counter] defendant with the intent of causing, or reckless disregard of the probability of causing, emotional distress; b) the

**DEFENDANT/COUNTER-CLAIMANT SABRINA D. PETERSON'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANT/CROSS-CLAIMANT SABRINA D. PETERSON'S THIRD AMENDED COUNTER-COMPLAINT**

7.

plaintiff's/[counter claimant]'s suffering severe or extreme emotional distress; and c) actual and proximate causation of the emotional distress by the [counter] defendant's outrageous conduct. Mr. Harris has for decades and continues to use his wealth, popularity, business associates and star power to intimidate, harass, threaten and bully Ms. Peterson, based on the allegations presented in the Third Amended Counter-Complaint.

### D. Peterson Shall be Granted Leave to Amend her Counter-Complaint If the Court Finds There are Curable Defects

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires".  The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading.  Code Civ. Proc. 473(a)(1) and Code of Civ. Proc. 576.  The burden is on the complainant to show the court that a pleading can be amended successfully, in order to obtain an order allowing leave to amend.  *McKenney v. Purepac Pharm. Co.* (2008) 167 Cal.App.4th 72,78.

The policy favoring amendment is so strong that denial of leave to amend can rarely be justified – If the motion to amend is timely made and the granting of the motion will not prejudice the opposing party, it is error to refuse permission to amend and where the refusal also results in a party being deprived of the right to assert a meritorious cause of action or a meritorious defense, it is not only error but an abuse of discretion. *Morgan v. Super. Ct.* (1959) 172 Cal.App.2d.527.530. Where there is no prejudice to the adverse party, in may be an abuse of discretion to deny leave to amend. *Atkinson v. Elk Corp.* (2003) 109 Cal.App.4th 739, 761; *Thompson Pac. Construction, Inc. v. City of Sunnyvale* (2007) 155 Cal.App.4th 525, 544-545.

Here, Counter-Claimant has demonstrated that any defects in her Counter-Complaint can be cured by showing factual assertions that were inadvertently omitted when Ms. Peterson filed the Third Amended Counter Complaint.  Allowing leave to amend the Counter Complaint would not prejudice the adverse party.

///

///

**DEFENDANT/COUNTER-CLAIMANT SABRINA D. PETERSON'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANT/CROSS-CLAIMANT SABRINA D. PETERSON'S THIRD AMENDED COUNTER-COMPLAINT**

## V. **CONCLUSION**

In general, a court should deny a Motion to Dismiss when the Plaintiff's complaint – here Counter Claimant's Third Amended Counter Complaint - states a valid legal claim, jurisdiction and venue are proper, and the statute of limitations has not expired.  Here, Peterson has stated a valid legal claim, as explained throughout the present Opposition to the Motion to Dismiss with facts that support a claim, jurisdiction and venue are proper and are not at issue, and the statute of limitations has not expired as to the threatening 2025 social media post and the 2026 attempted witness tampering.  Peterson has sufficiently stated her claim when she referenced all of the incidents of Mr. Harris intentionally inflicting emotional distress upon Ms. Peterson, engaging in extreme and outrageous conduct, which is the actual and proximate cause of distress suffered by Ms. Peterson.

For all of the foregoing reasons, this Honorable Court should deny the Counter-Defendant's Motion to Dismiss the Third Amended Counter-Complaint in its entirety, or in the alternative grant leave to amend the Counter Complaint.

Date: July 8, 2026                                LAW OFFICE OF K.T. MIDDLETON

_____

Keita T. Middleton

Attorney for Defendant/Counter-Claimant

**DEFENDANT/COUNTER-CLAIMANT SABRINA D. PETERSON'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANT/CROSS-CLAIMANT SABRINA D. PETERSON'S THIRD AMENDED COUNTER-COMPLAINT**

9.