Keita T. Middleton (CA SBN 283813)
19744 Beach Blvd., #156
Huntington Beach, CA 92648
Email: kmiddleton@ktmlaw.us
(714) 797 -7671

Attorney for Defendant/Cross-Claimant,
Sabrina D. Peterson

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLIFFORD J. HARRIS, Jr., an individual,<br>Plaintiff/Counter Defendant,<br>vs.<br><br>Defendant/Counter Claimant. | Case No: 2:24-cv-10781-FMO-RAO<br><br>**DEFENDANT/COUNTER-CLAIMANT SABRINA D. PETERSON'S OBJECTION TO PLAINTIFF/COUNTER-DEFENDANT'S DECLARATION AND *EX PARTE* REQUEST FOR BRIEF STAY OF CIVIL ACTION, OR IN THE ALTERNATIVE, CONTINUANCE OF TRIAL**<br><br>[Declaration of Sabrina D. Petereson] |
| SABRINA D. PETERSON, an individual<br>Counter Claimant,<br>vs.<br><br>CLIFFORD J. HARRIS, Jr., an individual,<br>Counter Defendant. | Hon. Fernando M. Olguin |

TO THIS HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD -

Please take notice that Defendant and Counterclaimant, Sabrina D. Peterson ("Ms. Peterson"), hereby objects to Plaintiff/Counter-Defendant Clifford Harris, Jr.'s ("Mr. Harris") Declaration and *Ex Parte* Request for Brief Stay of Civil Action, or in the alternative, Continuance of Trial. This objection is based on the attached Declaration of Sabrina D. Peterson.

Federal Courts will typically look to Federal Rule of Civil Procedure 40 and Rule 16(e) to determine whether to grant a continuance for a trial and whether good cause exists. Some important considerations are whether a continuance would prejudice a party or if the request was brought in good faith.

**I. PREJUDICIAL IMPACT**

A court should deny a request to stay proceedings or continue trial if it will prejudice the opposing party. Here, Ms. Peterson will be prejudiced by a stay of civil proceedings or trial continuance because this increases the cost of litigation, as related to attorney's fees and serving subpoenas on anticipated witnesses. Further, with a potentially unknown trial date on the horizon, this new date could potentially effect Ms. Peterson's business commitments, as the court tends to cancel in-person hearings and does not consult the parties regarding their own individual availability.

Further, Ms. Peterson has a key witness who is already prepared to appear at trial on or around 12/08/2026 and changing the trial date at this late notice could result in this witness's unavailability, prejudicing Ms. Peterson. Without the availability of this key witness, this compromises the integrity of Ms. Peterson's defense of the primary claim, and the right to prosecute her counter claims.

Therefore, based on the above, such prejudice would cause irreparable harm on Ms. Peterson.

## II. UNDUE DELAY

A court should deny a request to stay proceedings or continue trial if it will cause undue delay. Granting Mr. Harris' request for stay or continuance of trial would cause undue delay. This case was first initiated nearly 2 (two) years ago, discovery closed several months ago, and there is nothing to accomplish by delaying the trial. There is almost 2 (two) months before trial, which gives a new attorney for Mr. Harris ample time to review the discovery and prepare for a 12/08/2026 trial. In the alternative, postponing the closure of Plaintiff's counsel's firm for one month until the completion of the 12/08/2026 trial should be an option.

For all of the foregoing reasons, this Honorable Court should deny the Plaintiff/Counter-Defendant's Request for Stay of Civil Proceedings or Continuance of Trial.

Date: November 13, 2025

LAW OFFICE OF K.T. MIDDLETON

/s/ Keita T. Middleton
Keita T. Middleton
Attorney for Defendant/Counter Claimant