Keita T. Middleton (CA SBN 283813)
19744 Beach Blvd., #156
Huntington Beach, CA 92648
Email: kmiddleton@ktmlaw.us
(714) 797 -7671

Attorney for Defendant/Cross-Claimant,
Sabrina D. Peterson

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLIFFORD J. HARRIS, Jr., an individual,<br>Plaintiff/Counter Defendant,<br>vs.<br><br>Defendant/Counter Claimant. | Case No: 2:24-cv-10781-FMO-RAO<br><br>**DECLARATION OF SABRINA D. PETERSON IN SUPPORT OF OBJECTION TO PLAINTIFF/COUNTER-DEFENDANT'S DECLARATION AND *EX PARTE* REQUEST FOR BRIEF STAY OF CIVIL ACTION, OR IN THE ALTERNATIVE, CONTINUANCE OF TRIAL** |
| SABRINA D. PETERSON, an individual<br>Counter Claimant,<br>vs.<br>CLIFFORD J. HARRIS, Jr., an individual,<br>Counter Defendant. | **Hon. Fernando M. Olguin** |

**DECLARATION OF SABRINA D. PETERSON**

I, Sabrina D. Peterson, do hereby state and declare as follows:

1. I am over the age of 18 years and am the Defendant/Counterclaimant in the above-captioned action *Clifford J. Harris, Jr. v. Sabrina Peterson*/*Sabrina Peterson v. Clifford J. Harris, Jr.*, et al, United States District Court Central District of California Court Case No. 2:24-cv-10781-FMO-RAO (the "Action"). This declaration is made in support of Objection to Plaintiff/Counter Defendant's Declaration and *Ex Parte* Request for Brief Stay of Civil Action, Or in the Alternative, Continuance of Trial. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto. The facts stated below are true of my own personal knowledge except for those matters stated on information and belief, which matters I believe to be true.

2. I, Sabrina Peterson, object to a brief stay of civil action or continuance of trial because such a stay or continuance would unduly prejudice me, and I genuinely question the merit of the request.

3. If a stay or continuance is granted it would prejudice me and put me at an unfair disadvantage because the longer this claim is being litigated the more costly the claim becomes. As a single mother, I cannot afford any unnecessary additional expenses.

4. I have already begun the process and expense of serving subpoenas for the 12/08/2026 trial date, which includes legal and process serving costs, and if there is a stay or continuance then I will have to expend the costs for another round of subpoenas.

5. In addition, there is a critical witness, Kiesha Miles, who is prepared to be available in person at trial on 12/08/2026. Changing the trial date runs the risk of this witness not being available and I do not want to compromise this witness's availability.

6. Further, the reasons for the request for stay of civil proceedings or continuance of trial are not substantial or justified. Counsel for Plaintiff/Counter-Defendant claims to have taken on a new role requiring her to close her practice by 11/02/2026. However, trial is scheduled about one

month later, which is not a significant amount of time. Considering there is less than 60 days before the scheduled trial, there was no reason provided as to why November 2nd is such a hard date or why counsel's new role could not accommodate closing her office in December, rather than November, merely a little over a month later. Surely when accepting this new professional commitment, consideration was given (or should have been given) to the fact counsel is a solo practitioner and that there would need to be sufficient time to unwind her law firm. It is my understanding that notice was given to my counsel less than one month before the solo practice was to close, which was less than 60 days before trial is scheduled. Taking on a commitment of this nature shortly before a high-profile matter is scheduled for trial is not reasonable and I should not have to pay the price for this career decision.

7. I also suspect that this request could possibly be a delay tactic, as it is in my experience dealing with Mr. Harris, that he tends to be very calculated, formulated and manipulative, and because I do not trust his motives, I would prefer to err on the side of caution and proceed to trial on 12/08/2026.

8. Mr. Harris and I have been litigating, in totality, since 2021, for over 5 (five) years, and I am ready to move on with my life. I do not want to take the expense, stress, anxiety and hardship of continued litigation into 2027.

9. As a result of the ongoing litigation between myself and Mr. Harris, I continue to suffer from high levels of anxiety, stress, sleeplessness, paranoia, fear, nervousness, unease, apprehension, tension, panic, dread, agitation, distress, angst, foreboding, trepidation and emotional anguish which has affected my relationships - personal and business - and not only taking a toll on me but also my child and mother. Therefore, the sooner we resolve these civil matters the sooner I and my family may move on with our lives.

10. Based on a lack of showing of good cause, I respectfully ask that the court deny Plaintiff/Counter Defendant's request for stay of civil proceedings or continuance of trial.

///

///

Under the penalty of perjury, and in accordance with 28 U.S.C. §1746, I declare the foregoing to be true and correct to the best of my knowledge and belief.

Executed this 13th Day of October 2026 in Los Angeles County, California.

*/s/ Sabrina D. Peterson*

Sabrina D. Peterson